[Civ. No. 14790.   Second Dist., Div. Three.   July 19, 1945.]

ROSE BREAKSTONE, Appellant, v. AMADEO P. GIAN-NINI, Respondent.

Joseph D. Taylor for Appellant.

Cosgrove & O'Neil, T. B. Cosgrove and John N. Cramer for Respondent.

FOX, J. pro tem.—This is an appeal from a judgment dismissing the action upon motion of the defendant A. P. Giannini under section 583 of the Code of Civil Procedure because the case had not been brought to trial within five years after the filing of the complaint.

Appellant is the owner of ten shares of the capital stock of

the defendant, Transamerica Corporation. As such stockholder, she brought this action on behalf of herself and all other stockholders of said corporation. She seeks to recover from the respondent, Giannini, for the benefit of Transamerica, the sum of $778,470.42. (Nineteen other directors of Transamerica Corporation were eliminated as defendants during the early stages of the case.) This amount is alleged to have been paid to Giannini during the years 1932-1938, inclusive. During this period (and for some time prior thereto) Giannini had an arrangement, approved by the board of directors of Transamerica (and its predecessor, Bancitaly Corporation), by which he was paid for his services as president five per cent of the net profits of the corporation with a guaranteed minimum of $100,000 per year, in lieu of salary. The amount herein sought to be recovered, appellant alleges, represents payments made to Giannini by Transamerica in excess of five per cent of the profits earned by said corporation during the aforesaid period.

Plaintiff filed her original complaint on December 29, 1938. Thereafter, by reason of the successful interposition of demurrers by respondent, it was necessary for plaintiff to file five amended complaints. The answer of respondent to the fifth amended complaint was filed on December 29, 1942. The answer of the defendant Transamerica Corporation, the only other remaining defendant, was filed the day before that of respondent.

On March 6, 1944, respondent filed his motion to dismiss upon the ground that the case had not been brought to trial within five years after the commencement of the action. This motion was granted on March 28, 1944. The affidavit in support of said motion stated that plaintiff had not brought said action to trial within five years after December 29, 1938, and that the parties had not stipulated in writing that the time for bringing said action to trial might be extended beyond the five-year period. These statements were not denied.

Counsel for appellant made an affidavit in opposition to the motion to dismiss in which it was averred that many stockholders of Transamerica (not parties) were in the armed forces. The affidavit also stated that nine months and twenty-six days out of the time subsequent to the filing of the action were accounted for by extensions of time in which to plead requested by respondent, Giannini, and granted to him; and that ten months and thirteen days were consumed by the court

in considering and passing upon the various demurrers. This affidavit also stated that, at a hearing in the federal court in Los Angeles in another action which was being prosecuted by a different plaintiff against respondent and other defendant directors and Transamerica for the same purpose as the within action, Louis Ferrari, an attorney of San Francisco, who appeared in that action as attorney for "certain defendants," whose names, however, are not given, "Advised affiant that Transamerica Corporation also represented by him, would have no objection to making available any records which affiant desired to inspect in the preparation of the trial of the issues here involved." In January, 1943, according to the affidavit, arrangements were made by correspondence, by which the desired records or photostats thereof were sent by Mr. Ferrari to Edmund Nelson in Los Angeles, who was the attorney of record for Transamerica, so that he "could make them available" to appellant's counsel. Thereafter, Mr. Nelson informed counsel for appellant by telephone that he had received the requested records from Mr. Ferrari. The affidavit then says that "thereafter Edmund Nelson suffered a serious injury as the result of an explosion and was unable to attend to his business, and asked affiant (counsel for appellant) to wait for the records until his recovery and postponed showing them to affiant" although affiant repeatedly requested of Mr. Nelson an opportunity to inspect said records and Mr. Nelson promised affiant an opportunity for such inspection. It is then alleged in the affidavit, on information and belief, that Mr. Ferrari is an attorney for respondent, Giannini, as well as one of the attorneys for Transamerica, and that the failure to furnish counsel for appellant with an opportunity to inspect said records was in order that the five-year period might expire so that a motion to dismiss the action could be made. Mr. Ferrari does not appear in this action as an attorney of record for either respondent Giannini or defendant Transamerica Corporation. Mr. Nelson appears in this action as attorney of record for Transamerica Corporation, only. No other affidavit was filed. No subpoena duces tecum or written demand to produce said records was issued or served. No depositions were taken. Appellant did not file her request to have the case set for trial until December 2, 1943. This was 27 days before the expiration of the five-year period. The case was regularly set

for trial for June 7, 1944, which was more than five months beyond the five-year period.

■ Appellant's first contention is that the dismissal of this action was in violation of the Soldiers' and Sailors' Relief Act of 1940. She particularly relies on sections 201, 203, and 205 of said act. (50 U.S.C.App. §§ 521, 523 and 525.) Her theory is that there may be stockholders of Transamerica in the military service who might want to intervene in this action and that said act automatically suspended section 583 of the California Code of Civil Procedure. There is no claim that any member of the military service had in fact intervened or was a party to the action. Section 201 of said act provides that any action "in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed as provided in this Act, unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service." Since none of the stockholders referred to were "involved, either as plaintiff or defendant," it is obvious that section 201 has no application to the case.

Section 203 of the Soldiers' and Sailors' Act provides for a stay or vacation of execution of judgments, attachments and garnishments "in any action or proceeding commenced in any court *against* a person in military service. . . ." (Italics added.) This section is plainly inapplicable for no person in the military service was a defendant in this action.

Section 205 of said act excluding the period of military service from the time limited "for the *bringing of any action* or proceeding . . ." has reference only to actions not then commenced. (Emphasis added.) This action was filed in 1938 —nearly two years prior to the passage by Congress of the Soldiers' and Sailors' Relief Act in 1940. This section of the act, like the others relied on by appellant, has no application to this case.

■ Appellant's second contention is that section 583, Code of Civil Procedure, was not applicable to this case when the motion to dismiss was granted. In support of this contention she emphasizes that ten months and thirteen days

were consumed by the court in considering and passing upon the demurrers to the complaint and various amended complaints, and that extensions of time were granted respondent for an additional nine months and twenty-five days and that the case was not at issue until December 29, 1942. It seems to be appellant's view that some or all of this time should be excluded in determining the five-year period under section 583, Code of Civil Procedure. The pertinent portion of that section reads as follows: "Any action . . . shall be dismissed . . . on motion of the defendant, after due notice to plaintiff or by the court upon its own motion, unless such action is brought to trial within five years after the plaintiff has filed his action, except where the parties have stipulated in writing that the time may be extended." It will be noted that the quoted language does not by its terms exclude from the five-year period time consumed by the court in settling the pleadings or time granted the adverse party by stipulation within which to plead. Consideration of the legislative history of section 583, Code of Civil Procedure, demonstrates that it was not intended that such periods of time should be excluded from the five-year period. Prior to the amendment of said section in 1933 the five-year period ran from the time "the *defendant* has *filed* his *answer.*" The only change in the section effected by the 1933 amendment was to make the five-year period begin to run when "the *plaintiff* has *filed* his *action.*" The code extends to defendants the right to demur to the complaint and to the amended complaints. It is quite usual for defendants to demur and for the court to consume time in deciding the legal questions thus presented. It is also quite customary for counsel to stipulate that additional time may be allowed one side or the other within which to prepare, serve and file their respective pleadings. These practices must have been in the mind of the Legislature when it enacted the 1933 amendment to section 583, Code of Civil Procedure. The Legislature by that amendment has said, in effect, that time consumed in connection with demurrers and other ordinary steps before issue is joined is to be charged against the five-year period—that such time is *not* to be excluded from said period. For this court to hold that the time consumed by the trial court or the defendants in connection with demurrers or that the time extended by stipulation to an adversary within which to plead, should be excluded from the five-year period "would not be a construction of the statute, but a re-

vision thereof, in direct conflict with its present meaning."
(*Rosefield Packing Co.* v. *Superior Court* (1935), 4 Cal.2d
120, 125 [47 P.2d 716].)

In considering the long period of time that was required
to get this case at issue the fact should not be lost sight of
that appellant filed six successive complaints before one was
framed which the court held stated a cause of action. Under
the said code section, as amended, the Legislature placed the
burden on the plaintiff of drafting a complaint good against
demurrer and of bringing the case to trial within five years
after the action is filed.

Finally, on this point, it should be noted that there
was a full year between the filing of respondent's answer and
the running of the five-year period. This gave appellant
ample time within said period to bring this case to trial after
it was at issue. In *Rosefield Packing Co.* v. *Superior Court,
supra,* it was held that since the 1933 amendment was ap-
plicable to pending cases no constitutional right of the plain-
tiff was violated in applying the section as amended to said
action because the plaintiff had "practically an entire year
to bring his case to trial, after the enactment of the amend-
ment." Said the court, "There can be no doubt but that this
was a reasonable time. . . . Much shorter periods have been
upheld." (P. 123.) (See, also, *Murphy* v. *Murphy* (1936),
5 Cal.2d 640 [55 P.2d 1169].)

Appellant relies on *Christin* v. *Superior Court* (1937), 9
Cal.2d 526 [71 P.2d 205, 112 A.L.R. 1153]. In this case the
petitioners (defendants below) sought a writ of prohibition
to prevent the trial court from proceeding with the action of
*Story* v. *Christin.* Defendants made a motion for a change
of venue from Los Angeles to San Francisco. This motion
was denied. Thereafter, they made a second such motion based
upon the same grounds as the first. This motion was granted.
Plaintiff appealed from this later order, but did not obtain a
supersedeas. The papers in the case were transmitted to San
Francisco and more than three years elapsed before the order
was reversed by the District Court of Appeal, the remittitur
filed and the papers returned to Los Angeles. The court points
out (p. 530) that "despite the mandatory language of the
statute [Code Civ. Proc., § 583], *implied exceptions* have been
recognized where it was *not possible* to bring the cause to
trial." It would have been practically impossible to try the
case in Los Angeles since the papers had been sent to San

Francisco. To have tried it in San Francisco would have been futile since, as it was held, the order changing the venue to the superior court there was void. Hence the time the appeal was pending was excluded from the five-year period although the trial court technically had jurisdiction during this time since no supersedeas had been granted. The decision was based upon the proposition that "for all practical purposes going to trial would be impossible" because it would be "both impracticable and futile." Since one entire year of the five-year period remained after the present case was at issue, during which time it would have been neither impracticable nor futile for appellant to bring it to trial, it is clear that the decision in the Christin case is not here applicable.

█ Appellant's third point is that the determination of the issues of law raised by respondent's demurrer to appellant's fourth amended complaint constituted a trial of the action within the meaning of section 583, Code of Civil Procedure. It seems that four days were spent in arguing the legal questions thus raised, with the result that respondent's demurrer was sustained, but with leave to the appellant to amend, which she did. Appellant admits that the decision in *Superior Oil Co.* v. *Superior Court* (1936), 6 Cal.2d 113 [56 P.2d 950], is contrary to her contention. She urges, however, that this decision should be reconsidered because it was based on *Perrin* v. *Miller* (1917), 35 Cal.App. 129 [169 P. 426], and that the reasons there advanced are insufficient to sustain the decision. Our examination of these decisions discloses ample reasons for their support. Furthermore, the Supreme Court in *City of Los Angeles* v. *Superior Court* (1940), 15 Cal.2d 16 [98 P.2d 207], had occasion to advert to the Superior Oil Company decision. In so doing it did not recede in any degree from said decision. The court simply pointed out its inapplicability to the case then under consideration since there had been a *partial* trial of the later action on the merits (see p. 20). For a more recent application of the principle of *Perrin* v. *Miller, supra,* and *Superior Oil Co.* v. *Superior Court, supra,* see *Meier* v. *Superior Court* (1942), 55 Cal.App.2d 675 [131 P.2d 554].

█ Appellant's final contention is that respondent was estopped to seek a dismissal. She bases this upon the statements and allegations of her counsel's affidavit which was filed in opposition to the motion to dismiss. It will be noted, however, that there is no charge in said affidavit that any attorney

of record for respondent made any promises to counsel for appellant. Also, there is no averment in said affidavit that the attorneys of record for respondent, or Mr. Nelson, who was attorney of record for Transamerica, or Mr. Ferrari, who does not appear to be attorney of record for any of the parties in this action, represented that respondent or his attorneys would extend the five-year period or would waive the right to make a motion to dismiss the action under section 583, Code of Civil Procedure. Accepting as true the averments of fact in the affidavit of counsel for appellant, we must nevertheless say with the court in *City of Los Angeles* v. *Superior Court* (1921), 185 Cal. 405, at 414 [197 P. 79], that "we fail to find any intimation by word or conduct that suggests a concession on the part of defendant [respondent] or an understanding on the part of plaintiff [appellant] that defendant [respondent] might not avail itself [himself] of the provisions of section 583."

In *Christin* v. *Superior Court, supra,* it was suggested that the conduct of the petitioners in delaying the action by the proceedings instituted for change of venue, and also by their acts inducing the plaintiff to allow the case to go off calendar pending negotiations for settlement, justified the application of the doctrine of estoppel. "But," said the court, (pp. 529-530), "estoppel resulting from such conduct does not appear to be a proper ground for creating an exception to the terms of the statute." To the same effect, see, *Elmhurst Packers* v. *Superior Court* (1941), 46 Cal.App.2d 648 [116 P.2d 487], and *Bank of America* v. *Moore & Harrah* (1942), 54 Cal.App. 2d 37 [128 P.2d 623]. In the latter case it is said that (p. 43) "The statute [sec. 583, C.C.P.] has the very salutary purpose of expediting trials. Its language is clear and definite and the integrity of its meaning has generally been upheld by the courts in a plenitude of decisions. In the several legislative amendments to which it has been subjected the Legislature has not seen fit to temper the rigor of the language or its forthright construction and support by the courts; the tendency, rather, has been to extend and make more certain its operation. With respect to the invoked doctrine of estoppel we observe that the Supreme Court in *Miller & Lux, Inc.,* v. *Superior Court* (1923), *supra,* 192 Cal. 333 [219 P. 1006], at 339, said 'While there is language in several of the cases construing section 583 which seems to recognize the possibility of a waiver by estoppel, it is to be noted that without exception these cases hold that a written stipulation is required. . . .

The statute provides that the time for trial may be extended by *written stipulation*. It does not provide that it may be extended by a written stipulation ''or its equivalent,'' ' '' (See, also, *Booth* v. *County of Los Angeles* (1945), 69 Cal.App.2d 104 [158 P.2d 401], and *Smith* v. *Bear Valley Milling & Lumber Co.* (1945), 26 Cal.2d 590 [160 P.2d 1].)

In view of the authorities we fail to find in the facts sufficient foundation for the application of the doctrine of estoppel so as to deprive respondent of the right to have this action dismissed under the provisions of section 583, Code of Civil Procedure.

The judgment is affirmed.

Desmond, P. J., and Shinn, J., concurred.