[Civ. No. 6038.   Fourth Dist.   Mar. 9, 1960.]

FRANCES T. BASS et al., Appellants, v. PAUL J. BRAUN et al., Respondents.

Fitz-Gerald Ames, Sr., for Appellants.

Mack, Bianco, King & Eyherabide for Respondents.

SHEPARD, J.—This is an appeal from a judgment of dismissal for failure to bring an action for wrongful death to trial within five years from the date of filing the complaint. The death resulted from an intersection collision which occurred November 25, 1952, in Kern County. The complaint was not filed until November 19, 1953, and the order for dismissal was made January 7, 1959.

The primary problem on appeal is whether or not the case comes within one of the judicially recognized exceptions allowing an extension of the mandatory time for trial provided by Code of Civil Procedure, section 583. The principal facts relied upon by plaintiffs to excuse the delay in bringing the cause to trial within five years from the date of filing the complaint are as follows:

The defendants were not residents of the State of California at any time during the proceedings herein mentioned. Service of summons was delayed several months, partially because of plaintiffs' failure to correctly pursue the technical details of service and partly through necessary lapse of time in such compliance. However, through voluntary stipulation of all defendants involved in this appeal, the cause was fully at issue June 9, 1954. Plaintiffs' counsel caused investigations to be made in Kern County prior to filing the complaint and from the record it appears that he knew, or should have known, not only that the accident occurred in Kern County, but also that all of the principal known participant witnesses resided in that county. Nevertheless the action was filed in the county of San Francisco, more than 300 miles away. This resulted in a motion for change of venue on behalf of the defendants, resulting in some further delay. October 27, 1954, the cause was transferred to Kern County. The preliminary proceedings for trial were had and the matter was set down for trial for April 13, 1955. However, on February 7, 1955, the parties stipulated that the cause be dropped from the trial calendar.

Thereafter, the first move made by plaintiffs to bring the cause to trial was more than three years and two months later when, on April 27, 1958, plaintiffs deposited jury fees and requested setting for trial. Due to erroneous preliminary procedure by plaintiffs, more than two months additional time was lost. Thus, July 8, 1958, was the first time an effective memorandum to set was filed and the matter thereafter, in due course, reached the pretrial calendar on October 10, 1958. In the meantime defendants, on September 25, 1958, gave notice of motion to dismiss for failure to bring the action to trial within two years under the discretionary provisions of said section 583. October 2, 1958, the plaintiffs gave notice of motion to advance the cause on the calendar because the five-year time limit for trial was drawing uncomfortably close. These three motions were set for hearing together before the same judge on October 10, and continued to October 20. On October

21, 1958, the motion to dismiss was denied and two days later the matter was reset for pretrial conference on November 21, 1958. On November 17, 1958, defendants gave notice of a new motion for dismissal, this time under the mandatory provisions of said section 583 for failure to bring the action to trial within five years. This motion came on for hearing on November 21, 1958, was argued and submitted on briefs, and was granted on January 7, 1959. Lengthy affidavits were submitted by the parties for and against the first motion for dismissal, and from these affidavits it appears that there had been considerable activity in the writing of letters and in the taking of depositions, but there is no conclusive showing that all of these depositions could not have been taken as early as the year 1954 by diligent counsel. Neither is there any showing that defendants did or said anything to wilfully delay the action. There is a conflict as to oral conversations between counsel relating to waiver of the five-year limitation for trial.

We believe plaintiffs' contentions pertaining to delay occurring in the years 1953 and 1954 are not meritorious. ▮▮ In our opinion, the statute does not contemplate excluding from the five-year period the time necessary for service of process, disposing of demurrers, correction of pleadings, and other customary foreseeable preliminary delays. ▮▮ Nor does the fact that the case was once set for trial and dropped from the calendar toll the five-year period. (*Lewis* v. *Greenspun,* 160 Cal.App.2d 711, 715-716 [2, 3] [325 P.2d 551].)

▮▮ In the case at bar the cause was at issue with the counsel of record, on whom all notices could be served, less than a year after the filing of the action, so that the residence of the defendants outside the state did not toll the five-year period. ''When, however, such defendant has, or has had, an attorney of record for a sufficient time to enable the action to have been tried if the plaintiff had acted with due diligence, such period of absence or concealment shall be a part of said five-year period.'' (Code Civ. Proc., § 583; see also *Hunt* v. *United Arts Studio, Inc.,* 79 Cal.App.2d 619, 624 [180 P.2d 460].) From a review of the whole wording of said section 583, it appears exceedingly doubtful whether or not the Legislature had in mind, in speaking of absence or concealment of a defendant, those defendants who were never residents of the State of California, but for purposes of this decision that would make no difference because if we should rule that the Legislature did not have such defendants in mind

there would be no exception to assist these plaintiffs in any event on that score.

Plaintiffs have cited a considerable number of cases in support of their contention that these periods of time in the early stages of this proceeding should be deducted from the five-year period, but we find them clearly distinguishable. *Christin* v. *Superior Court,* 9 Cal.2d 526 [71 P.2d 205, 112 A.L.R. 1153], involved the loss of nearly four years in a successful appeal from an order for change of venue, during which time it would have been clearly impossible to bring the action to trial. *Rose* v. *Knapp,* 38 Cal.2d 114 [237 P.2d 981], involved a loss of two years and four months through the existence of an outstanding judgment cancelling the certificate of sale and deed on which plaintiffs' quiet title action was based. *Pacific Greyhound Lines* v. *Superior Court,* 28 Cal.2d 61 [168 P.2d 665], involved the loss of several years by absence of a defendant in the military service by reason of which section 521 of the Soldiers and Sailors Civil Relief Act would have rendered futile the bringing of the action to trial. *Neustadt* v. *Superior Court,* 112 Cal.App.2d 825 [247 P.2d 569], involved the loss of several years by appeals in a companion action which could have been used as a plea in abatement. *Judson* v. *Superior Court,* 21 Cal.2d 11 [129 P.2d 361], involved the loss of six years because of defendants secreting themselves or absenting themselves from the state. *Rauer's Law & Collection Co.* v. *Higgins,* 76 Cal.App.2d 854 [174 P.2d 450], involved the loss of three years and five months due to the absence of plaintiff's assignor in the military service. *City of Pasadena* v. *City of Alhambra,* 33 Cal.2d 908 [207 P.2d 17], involved the loss of four years and five months while the matter was in the hands of a statutory referee for review and report of certain factual matters relating to underground water. *Woley* v. *Turkus,* 51 Cal.2d 402 [334 P.2d 12], involved a specific stipulation allowing the cause to go beyond five years without prejudice to plaintiff. *Ojeda* v. *Municipal Court,* 73 Cal.App.2d 226 [166 P.2d 49], involved the loss of more than four years because of defendant's absence from the state. In *Clements* v. *Ragghianti,* 155 Cal.App.2d 188 [317 P.2d 706], the cause was actually before the court for trial five days before the five-year period had elapsed. In the case at bar we are satisfied that the time from October, 1954, when the change of venue was finally completed, to November 19, 1958 (in excess of four years), was ample for diligent counsel to have reasonably brought the cause to trial.

■ The only really difficult problem presented by this case lies in whether or not it can be said that defendants' first motion to dismiss (under the two-year discretionary provisions of said section 583) caused a sufficient delay to prevent plaintiffs from securing a trial prior to November 19, 1958. Notice of the motion referred to was given on September 26, and was set for October 10, 1958, the same day on which plaintiffs had noticed for hearing a motion to advance the cause on the calendar and the pretrial conference. All three matters were called at the same time and were continued to October 20, at which time both the motion to advance the cause on the calendar and the motion to dismiss were presented to the court. The court then advised counsel that the court's calendar was fully occupied for the entire balance of the calendar year and indicated that it would not be possible in any event to get the cause on the trial calendar prior to the lapsation of the five-year period. Plaintiffs made no offer to have the matter tried before the court without a jury, in which event it might have been feasible to call the matter to trial, swear a witness, and then continue the matter to an open calendar date, as was suggested in *Clements* v. *Ragghianti*, 155 Cal.App.2d 188 [317 P.2d 706], and other cases. The next day, October 21, the court denied the motion to dismiss and set the pretrial hearing for November 21. On November 17, defendants noticed a motion for the same day, i.e., November 21, for dismissal under the mandatory five-year provisions of said section 583, which motion was argued and submitted on briefs, and finally decided against the plaintiffs on January 7, 1959. It will be seen from the foregoing that the court's calendar was already set and full far beyond any time within which the cause could have been brought to trial, even though it had, on October 10, ordered the cause set for trial.

In the memorandum to set filed with the clerk in July, 1958, plaintiffs' counsel had called attention to the fact that the five-year period was about to run. We do not find in the record that any person who had the power to actually set the cause for trial had the judge's attention called to the near running of the five-year period. ■ It has been suggested that it may be an abuse of discretion to fail to advance a cause on the calendar when the court's attention is called to the near running of the mandatory five-year period, and we agree that under certain circumstances this could be true. However, we can see nothing in the record before us to indicate

that there was any open place on the court's calendar or that the cause could have been set without displacing one or more other causes. We cannot fail to note that the trial courts of California, in order to efficiently dispose of the mass of litigation resultant from the unprecedented millions of people who have migrated to California in the past three decades, have been forced to keep all calendars closely and fully crowded with cases for trial during the months immediately ensuing after the pretrial conferences. We cannot ignore the knowledge which is available to all experienced trial lawyers and judges, that most of the courts in the populous counties often set more than one case in each department to be sure that the court's time is fully occupied and that no time is lost in getting cases to trial. It would, indeed, be unfair to diligent litigants to have a litigant who has negligently allowed his case to approach too close to the final deadline to come into court and plead this fact as an excuse to push diligent litigants out of their legitimate place in line for court hearing. Indeed, we have no means of knowing, under the facts in the case here at bar, how many other litigants were in the position of having their causes finally ready for trial just before their own time limitation was to run. We have no doubt that the trial judge in the case at bar understood and had all of these matters, as well as the details of the factual background, in mind.

The question of whether or not it was feasible under the condition of the court's calendar at that time to have brought the matter to trial within the five-year period was one of fact for the trial court and ''Every intendment and presumption not inconsistent with the record must be indulged in to support the action of the trial court.'' (*Smith* v. *Wiget*, 75 Cal.App.2d 591, 594 [4] [171 P.2d 563].) We cannot find, as a matter of law, that the evidence was insufficient to support the trial court's decision that the failure to bring the case to trial within five years was in reality due only to plaintiffs' lack of diligence.

The judgment is affirmed.

Griffin, P. J., and Coughlin, J., concurred.