[Civ. No. 6339.  Fourth Dist.  Jan. 16, 1961.]

HERBERT G. BESWICK, Appellant, v. PALO VERDE HOSPITAL ASSOCIATION, INC. (a Corporation) et al., Respondents.

Richardson & Henderson and Benjamin W. Henderson for Appellant.

Best, Best & Krieger, Arthur L. Littleworth and Gerald Brown for Respondents.

COUGHLIN, J.—The issues for determination on this appeal are whether the trial court (1) erred in granting defendants' motion for dismissal upon the ground that the action had not been brought to trial within the five-year period prescribed by section 583 of the Code of Civil Procedure, and (2) abused its discretion in previously denying plaintiff's motion for an early setting.

The action involved the alleged breach of a lease which occurred when the defendants, as lessors, ousted the plaintiff, as lessee, upon the ground that the plaintiff had operated the leased property in violation of the law for which he thereafter allegedly was convicted of the crime of grand theft in the state court and of the crime of making a fraudulent claim against the government in the federal court.

The complaint was filed on March 4, 1954; the action was not brought to trial within five years; and an order of dismissal was entered on March 11, 1959. The appeal is from this order.

In contending that the trial court erred in dismissing the action, appellant claims that the facts in this case bring it within the implied exceptions to the mandatory provision of section 583 of the Code of Civil Procedure requiring a dismissal for failure to bring an action to trial within five years after the filing of the complaint, as noted in *Rose* v. *Knapp*, 38 Cal.2d 114, 117 [237 P.2d 981]; *Christin* v. *Superior Court*, 9 Cal.2d 526 [71 P.2d 205, 112 A.L.R. 1153], and related cases. ▮ Although the area of exception has not been distinctly defined, it may be stated as a general rule that "in computing the five-year period, time during which 'for all practical purposes, going to trial would be impossible, whether this was because of lack of jurisdiction in the strict sense, or because proceeding to trial would be both impracticable and futile,' is to be excluded." (*Pacific Greyhound Lines* v. *Superior Court*, 28 Cal.2d 61, 64 [168 P.2d 665].)

"What is impossible, impracticable or futile must, of course, be determined in the light of the facts of the particular case." (*Rose* v. *Knapp, supra,* 38 Cal.2d 114, 117.)

Appellant contends that the record shows there were periods of time when the power to bring the action to trial was entirely beyond his control; that these periods should not be included in computing the five-year dismissal period; and their inclusion renders the order of dismissal erroneous.

▮ In substance, the basis for the implied exceptions is that the court does not have jurisdiction over the cause during the time it is impossible, impracticable or futile to bring the case to trial and for this reason such time should be disregarded in computing the five-year dismissal period. (*Pacific Greyhound Lines* v. *Superior Court, supra,* 28 Cal.2d 61, 64.)

▮ However, the ordinary processes of bringing a case to trial do not deprive the court of jurisdiction over the cause within the meaning of the rule, and the time consumed as an incident thereto is not excluded from the computation. (*Continental Pac. Lines* v. *Superior Court*, 142 Cal.App.2d 744, 750 [299 P.2d 417]; *Breakstone* v. *Giannini*, 70 Cal.App.2d 224, 228 [160 P.2d 887].)

▮ "On the contrary, it has been held that '. . . even though a part of the five-year period must necessarily be consumed in service of process, disposition of demurrers,

amendment of pleadings, if necessary, usual and reasonable time consumed in waiting for a place on the court's calendar or in securing the attendance of a jury and suchlike usual and necessary proceedings; . . . the section does not contemplate that time consumed in such ordinary proceedings are to be excluded from a computation of the five-year period.' " (*J. C. Penney Co.* v. *Superior Court,* 52 Cal.2d 666, 670 [343 P.2d 919] ; *Continental Pac. Lines* v. *Superior Court, supra,* 142 Cal.App.2d 744, 750; *Breakstone* v. *Giannini, supra,* 70 Cal.App.2d 224, 228.)

█ The purpose of the statute is "to prevent *avoidable* delay for too long a period." (*Christin* v. *Superior Court,* 9 Cal.2d 526, 532 [71 P.2d 205, 112 A.L.R. 1153].) Those instances which constitute the impossibility, impracticability or futility which come within the time impliedly excepted from the statutory period must be determined in the light of the purpose of the statute. As a consequence, every period of time during which the plaintiff does not have it within his power to bring the case to trial is not to be excluded in making the computation.

The evidence herein must be considered in the light of the time honored rule which presumes that the trial court accepted that version thereof which supports the order made. (*DeWit* v. *Glazier,* 149 Cal.App.2d 75, 91 [307 P.2d 1031] ; *Holt* v. *Pardue,* 178 Cal.App.2d 528, 534 [3 Cal.Rptr. 225] ; *Knight* v. *Pacific Gas & Elec. Co.,* 178 Cal.App.2d 923, 928 [3 Cal.Rptr. 600] ; *Atkinson* v. *City of Los Angeles,* 180 Cal. App.2d 467, 473 [4 Cal.Rptr. 403].)

The original complaint was filed on March 4, 1954. The cause came to issue by answer filed to the third amended complaint on October 11, 1954. The intervening six months had been consumed in correcting faulty pleadings. The loss of this time must be attributed to the plaintiff. A memorandum to set was not filed until two months later, viz., December 14, 1954, causing an additional loss of two months which also must be attributed to the plaintiff. On October 18, 1955, the case was set for trial on February 6, 1956. The intervening time must be attributed to the crowded condition of the court's calendar. However, the plaintiff did not answer the question on the prescribed form of memorandum to set as to whether the case properly should be tried in Department 4 of the trial court which sits at Indio, California. The case should have been assigned to this department and, upon receipt of a notice that the trial was scheduled before Department 2 in Riverside, the defendants moved for a transfer to

Indio. The motion to transfer was granted on January 6, 1956, upon stipulation of counsel of both parties. The intervening loss of time must be attributed to the plaintiff's failure to file a proper memorandum. The action was assigned to Department 4 on January 6, 1956; three weeks later the plaintiff filed a memorandum to set; thereupon the trial was set for June 4, 1956; later was continued to September 4, 1956; then to November 13, 1956; and finally to March 18, 1957. All of these continuances were made by the court and were caused by the crowded condition of the calendar. However, as evidence of plaintiff's dilatory tactics, the materiality of which hereafter will be considered, it should be noted that during this time one of the attorneys for plaintiff delayed the taking of plaintiff's deposition; and on July 16, 1956, suggested that the case be continued until January, 1957, even though the attorney for the defendants expressed their desire to waive the taking of plaintiff's deposition and try the case on the September 4, 1956, date. This occurrence took place before the trial court ordered a continuance from this date on its own motion.

Prior to the March 18, 1957, trial date, pretrial procedures became mandatory and the case was set for a pretrial hearing on February 8, 1957. However, the pretrial was continued at the request of one of the attorneys for plaintiff who stated that he was not ready; that he wanted his associate, Mr. Henderson, who was in Bakersfield, to attend the pretrial; and that he also wanted his client, who was out of the state, to be present. This period of delay must be attributed to the plaintiff. After waiting a month, another memorandum to set was filed; a pretrial conference was scheduled for December 31; but prior to this time, because of the illness of Mr. Richardson, one of the attorneys for plaintiff, the matter was placed off calendar, although Mr. Henderson, who was associated as attorney for the plaintiff, was fully acquainted with the case, having prepared all of the pleadings, and having been present when the plaintiff's deposition was taken on March 28, 1957. Mr. Richardson died on April 28, 1958. Nothing was done until January 15, 1959, when another memorandum to set was filed. The loss of time from March 1957 when the case was restored to the trial calendar for a second pretrial conference, but was later placed off calendar, until January 15, 1959, when the matter again was restored to the calendar, being a period in excess of 22 months, must be attributed to the plaintiff.

The five-year period now had almost run its course. On January 23d, pursuant to prior notice, the plaintiff moved for an early and preferential trial date. On January 26th this motion was denied. On February 9th, plaintiff renewed the foregoing motion and on February 13th it again was denied. The plaintiff cites these orders of denial as an abuse of the trial court's discretion.

It will be noted that most of the lost time must be charged to the plaintiff. Moreover, even though the delay in setting caused by the crowded condition of the court's calendar had not occurred, it is problematical whether the case would have come to trial. This is especially true of the situation in the year 1956 when, although the trial was continued from time to time by the court, one of the attorneys for plaintiff expressed a desire that the matter be continued until January 1957 and rejected an offer by the attorneys for the defendants to waive the taking of plaintiff's deposition and to proceed to trial on the September 4, 1956, trial date. No serious delay can be attributed to the defendants. On the other hand, the record indicates that they have been prejudiced by the delay because of the disappearance of witnesses whose whereabouts now are unknown to them.

In passing upon the motion for an early and preferential setting, the court was not limited to a consideration of the single fact that the five-year period was about to expire but was required to view the total picture, including the dilatory action of the plaintiff, the condition of the court's calendar, the rights of other litigants, and the prejudice to the defendants resulting from the delay. (*Stuart* v. *Hollywood Turf Club,* 146 Cal.App.2d 261, 264 [303 P.2d 897] ; *Bass* v. *Braun,* 178 Cal.App.2d 744, 749 [3 Cal.Rptr. 212].) The action of the court on such a motion is tantamount to action upon a motion to dismiss for failure to prosecute within the two-year period prescribed by section 583 of the Code of Civil Procedure; in each instance the motion is addressed to its sound legal discretion; the motivating factors in the exercise of that discretion would be pertinent to both motions; and its decision "will be disturbed only in cases of manifest abuse." (*Hayashi* v. *Lorenz,* 42 Cal.2d 848, 851 [271 P.2d 18] ; *Knight* v. *Pacific Gas & Elec. Co., supra,* 178 Cal.App.2d 923, 929.) It is settled that "the duty rests upon a plaintiff at each stage of the proceedings to use due diligence to expedite his case to a final determination." *Raggio* v. *Southern Pacific Co.,* 181 Cal. 472, 475 [185 P. 171].) Delay attributable to the

pressure of business, sickness, or death of counsel or of the parties is not necessarily excusable. (*Knight* v. *Pacific Gas & Elec. Co., supra,* 178 Cal.App.2d 923, 930.)

"Each case must be decided on its own peculiar features and facts." (*Jepsen* v. *Sherry,* 99 Cal.App.2d 119, 121 [220 P.2d 819, 822].)

There is no showing of manifest abuse in this case. The order of denial was not error. (*Stuart* v. *Hollywood Turf Club, supra,* 146 Cal.App.2d 261, 263; *Legg* v. *United Benefit Life Ins. Co.,* 136 Cal.App.2d 894 [289 P.2d 553]; *Bass* v. *Braun, supra,* 178 Cal.App.2d 744, 747, 750 [3 Cal. Rptr. 212]; *Knight* v. *Pacific Gas & Elec. Co., supra,* 178 Cal. App.2d 923.)

It is the obligation of the plaintiff to bring his case to trial within five years after he files his complaint. This obligation must be discharged in the course of the usual and ordinary time-consuming proceedings incident to the judicial processes which precede a trial. The time thus consumed is included within the five-year computation. These proceedings are not of the type which renders the bringing of the case to trial impossible, impracticable or futile within the meaning of the implied exceptions to the mandatory requirement of dismissal prescribed by section 583. Among such proceedings are those which cause continuances of the trial on account of the crowded condition of a court's calendar, providing the time thus consumed is not unreasonable. The record in the instant case reveals that the plaintiff's failure to bring his case to trial was not caused by the continuances arising out of calendar problems, but from a lack of diligence on the part of his attorneys who were charged with knowledge of the condition of the court's calendar and were obligated to cause his case to be brought to trial before that court within the five-year period. The trial court's determination that the circumstances of this case did not bring it within the implied exceptions is supported by the evidence.

The judgment is affirmed.

Griffin, P. J., and Shepard, J., concurred.