[Civ. No. 33866. First Dist., Div. One. Jan. 17, 1974.]

FANNIN CORPORATION et al., Petitioners, v.
THE SUPERIOR COURT OF SANTA CLARA COUNTY, Respondent;
HORACE G. JONES, Real Party in Interest.

## COUNSEL

Paul M. Kouns, Moless & Chavez and Joseph H. Moless, Jr., for Petitioners.

No appearance for Respondent.

George Porter Tobin for Real Party in Interest.

## OPINION

**MOLINARI, P. J.**—In this case we issued an alternative writ of prohibition directing respondent court to show cause why it should not be permanently restrained from taking any further action or proceeding in an action brought by real party against petitioners.

The subject action was filed on March 18, 1965. Petitioners demurred to the complaint on May 17, 1965, and answered the complaint on July 9, 1965, after the demurrer was overruled. The complaint was amended on May 6, 1969, pursuant to stipulation of the parties. On January 9, 1970, real party filed an at-issue memorandum, certificate of readiness, and a notice of motion to advance the case for trial. On January 16, 1970, petitioners moved to dismiss the action for lack of prosecution pursuant to subdivision (a) of Code of Civil Procedure section 583.[1] The motion was granted on January 28, 1970.

---

[1]Unless otherwise indicated, all statutory references are to the Code of Civil Procedure.

Real party moved to set aside the order granting the motion to dismiss. The motion was granted on February 24, 1970, simultaneously with the granting of a new motion to dismiss for lack of prosecution. (§ 583, subd. (a).) On March 12, 1970, real party appealed from the order granting the motion to dismiss and on the same day proceeded to trial against codefendant Roberts. After the introduction of certain documents into evidence and the taking of some testimony, real party requested and was granted a continuance of the trial. Petitioners were not present at that trial.

The order granting petitioner's motion to dismiss was reversed with directions to the trial court that it exercise its full discretion in the light of recent cases. Remittitur issued on June 12, 1972. On June 15, 1972, real party filed an at-issue memorandum and certificate of readiness. On June 29, 1973, real party moved to restore the case to the calendar and to have it set for trial.

Petitioners, on July 5, 1973, moved to dismiss the action pursuant to subdivision (b), of section 583, on the ground that the matter had not been brought to trial within five years after its commencement. On July 29, 1973, petitioners' motion was denied and real party's motion to restore the case to the calendar was granted. On August 15, 1973, the action was set for trial for September 26, 1973, and concurrently therewith an order was entered denying petitioners' motion to dismiss. The instant proceedings then ensued.

Subdivision (b) of section 583 provides as follows: "(b) Any action heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced or to which it may be transferred on motion of the defendant, after due notice to plaintiff or by the court upon its own motion, unless such action is brought to trial within five years after the plaintiff has filed his action, except where the parties have filed a stipulation in writing that the time may be extended." ■ Under this code section dismissal is mandatory if the period therein provided has elapsed. (*Crown Coach Corp.* v. *Superior Court*, 8 Cal.3d 540, 546 [105 Cal.Rptr. 339, 503 P.2d 1347]; *Tunis* v. *Superior Court*, 59 Cal.2d 465, 466 [30 Cal.Rptr. 135, 380 P.2d 823].)

The appellate courts have, however, established decisionally certain implied exceptions to the mandatory dismissal requirement of the statute where it would be impossible, impracticable or futile due to causes beyond a party's control to bring an action to trial during the five-year period.

(*Crown Coach Corp.* v. *Superior Court, supra,* 8 Cal.3d 540, 546-547, and cases there cited.) ▓▓ Whether it is impossible, impracticable or futile to proceed with the trial of a civil action within the meaning of the court-established implied exceptions must be determined in the light of the circumstances in each case. (*Crown Coach Corp.* v. *Superior Court, supra,* at p. 547; *Woley* v. *Turkus,* 51 Cal.2d 402, 407 [334 P.2d 12].) However, excuses for noncompliance will not be accepted unless they may fairly be said to make a trial impracticable. (*Crown Coach Corp.* v. *Superior Court, supra,* at p. 548.) Accordingly, the time consumed by the delay caused by ordinary incidents of proceedings like disposition of demurrer, amendment of pleadings, and the normal time of waiting for a place on the court's calendar or securing a jury trial are not within the contemplation of the implied exceptions for exclusion from a computation of the applicable period. (*Crown Coach Corp.* v. *Superior Court, supra,* at p. 548; *O'Donnell* v. *City & County of S. F.,* 147 Cal.App.2d 63, 65-66 [304 P.2d 852]; see *Wright* v. *Groom Trucking Co.,* 206 Cal.App.2d 485, 497 [24 Cal.Rptr. 80]; *Beswick* v. *Palo Verde Hospital Assn.,* 188 Cal.App.2d 254, 257 [10 Cal.Rptr. 314]; *Continental Pac. Lines* v. *Superior Court,* 142 Cal. App.2d 744, 750 [299 P.2d 417].) ▓▓ "[T]he duty rests upon a plaintiff at every stage of the proceedings to use due diligence to expedite his case to a final determination." (*Raggio* v. *Southern Pacific Co.,* 181 Cal. 472, 475 [185 P. 171]; *Crown Coach Corp.* v. *Superior Court, supra,* at p. 548.)

In this case the complaint was filed on March 18, 1965. A total of eight (8) years, three (3) months and seventeen (17) days had elapsed at the time petitioner filed the motion to dismiss on July 5, 1973. ▓▓ From this period, under one of the implied exceptions to the five-year period, must be excluded the time elapsing from real party's notice of appeal filed on March 12, 1970, to the issuance of the remittitur on June 12, 1972. (*Guy F. Atkinson Co.* v. *State of California,* 17 Cal.App.3d 1065, 1068 [95 Cal.Rptr. 543]; *Fay* v. *Mundy,* 246 Cal.App.2d 231, 234 [54 Cal.Rptr. 591]; *Wilson* v. *Barry,* 119 Cal.App.2d 621, 624 [259 P.2d 991].) However, the time consumed in disposing of the demurrer and the making of the amendments to the pleadings is not excluded. (*Crown Coach Corp.* v. *Superior Court, supra,* 8 Cal.3d 540, 548; *Kowalski* v. *Cohen,* 252 Cal. App.2d 977, 979-980 [60 Cal.Rptr. 874]; *Governale* v. *Bethlehem Pacific Coast Steel Corp.,* 235 Cal.App.2d 837, 841 [45 Cal.Rptr. 707]; *Bella Vista Dev. Co.* v. *Superior Court,* 223 Cal.App.2d 603, 608-609 [36 Cal. Rptr. 106]; *Breakstone* v. *Giannini,* 70 Cal.App.2d 224, 228-230 [160 P.2d 887].) Accordingly, eliminating the time properly excluded, there remained a period of six (6) years, one (1) month and six (6) days elapsing from the time of the filing of the complaint to the time of the instant motion to dismiss.

■ Real party contends that the action was brought to trial within five years after the filing of the complaint. He asserts that the trial commenced on March 12, 1970, when he proceeded to trial against codefendant Roberts. On that date only six (6) days remained within the statutory period.

This contention is without merit. The action was never brought to trial against petitioners. The trial which commenced on March 12, 1970, against Roberts took place *after* petitioners had obtained an order dismissing the action as to them. The effect of the written order of dismissal was that of a final judgment as a result of which petitioners were no longer parties to the action. Real party treated the order as a final judgment when he appealed from it and ultimately secured its reversal.

Section 581d specifically provides that a written order of dismissal when signed by the court and filed in the action "shall constitute judgments and be effective for all purposes, . . ."

The effect of the order of dismissal was to terminate the action as to petitioners who at that point became strangers to the action. (*Coburg Oil Co.* v. *Russell,* 100 Cal.App.2d 200, 204 [223 P.2d 305]; *Lori, Ltd.* v. *Wolfe,* 85 Cal.App.2d 54, 61 [192 P.2d 112].) Accordingly, a trial held without petitioners as parties could in no way affect their rights. Moreover, since real party had taken an appeal from the order of dismissal the trial could not have proceeded against petitioners while the appeal was pending.

■ Real party also claims that it was impossible, impracticable and futile due to causes beyond his control to bring the action to trial during the five-year period. This claim is also without merit. We observe that when real party filed the notice of appeal on March 12, 1970, only six days remained within the five-year period. Upon the filing of the remittitur on June 13, 1972, by virtue of the exclusion in the computation of the time during which the appeal was pending, real party was in the same position with respect to the five-year statutory period that he was when he filed the notice of appeal, i.e., he had six days, or until June 19, 1972, to bring the action to trial. On June 15, 1972, he filed an at-issue memorandum and certificate of readiness, leaving only four days within which to bring the case to trial. Real party made no motion to advance the case for trial but waited until June 29, 1973, over a year after the limitation period had run, before he moved to restore the case to the active calendar, as provided by the Santa Clara County Superior Court Rules,[2] and to have it set for trial.

[2]Rule 11.1 of the Santa Clara County Superior Court Rules provides: "Motion to Restore. Trials that are ordered off calendar and resetting of trials after appeal require that counsel shall notice a motion to restore to the active calendar."

Real party alleges that he had "from time to time made inquiry of the calendar secretary's office as to when the cause would come up for trial setting conference and be set for trial and was repeatedly advised that the cause was on the civil active list and was in the process of coming up for trial setting conference and to be set for trial." He also asserts that "Under no stretch of anyone's imagination could the case go to trial in Santa Clara County in six days."

Conceding the latter statement to be true, and even further assuming that there was no necessity to have the case restored to the civil active calendar and that the case was normally working its way up the calendar, there was no impossibility, impracticability or futility preventing the case from going to trial in the sense contemplated by the cases providing for such an exception. (*Crown Coach Corp.* v. *Superior Court, supra,* 8 Cal.3d 540, 548; *O'Donnell* v. *City & County of S. F., supra,* 147 Cal.App.2d 63, 65-66.) We observe that it was real party's original delay in failing to bring the case to trial that caused only six days to remain in the five-year statutory period. ■ The fact that the case was one set for trial and then dropped from the calendar does not toll the five-year period. (*Lewis* v. *Greenspun,* 160 Cal.App.2d 711, 716 [325 P.2d 551]; *Hastings* v. *Superior Court,* 131 Cal.App.2d 255, 258 [280 P.2d 74].) ■ Real party cannot complain, therefore, that when the remittitur came down he only had six days in which to go to trial.

The cases cited by real party concerning the discretion of the trial court are inapposite. Each of these cases deals with the fact-finding power of the trial judge to determine whether a certain set of facts warrant a finding that it was impossible, impracticable or futile to proceed to trial. ■ Here we are dealing with a question of law, i.e., whether delay in trial setting due to crowded trial calendars constitutes good cause for the purpose of tolling the five-year period under section 583, subdivision (b). Under the decisions such delay does not toll the limitation period.

■ Real party contends that in any event subdivision (c) of section 583 applies to this case and that a trial was had within the three-year limitation provided for in that subdivision. That subdivision, in pertinent part, provides: ". . . When in an action after judgment, an appeal has been taken and judgment reversed with cause remanded for a new trial (or when an appeal has been taken from an order granting a new trial and such order is affirmed on appeal), the action must be dismissed by the trial court, on motion of defendant after due notice to plaintiff, or of its own motion, unless brought to trial within three years from the date upon which remittitur is filed by the clerk of the trial court. Nothing in this subdivision shall

require the dismissal of an action prior to the expiration of the five-year period prescribed by subdivision (b)."

Adverting to the reversal on the prior appeal from the judgment of dismissal pursuant to section 583, subdivision (a), we observe that such reversal did not command the cause for a new trial but was a qualified reversal to "permit [the trial court] to exercise its full discretion in the light of the decisions in *Denham*,[3] *Martindale*,[4] *and Woolfson*,[5] and in accordance with the procedures and criteria established in section 203.5 of the California Rules of Court." (1 Civ. 28293.) Therefore, a new trial was neither expressly nor impliedly provided for; and indeed there was no necessity for a trial as the only question was one concerning the application of section 583, subdivision (a), to the circumstances of the case. In *Muller* v. *Muller*, 179 Cal.App.2d 815, 819 [4 Cal.Rptr. 419], it was held that the provision of section 583 for a three-year period during which an action must be brought to trial following a remand on appeal "applies only to a new trial of an action in which judgment had been entered and an appeal taken with reversal and remand for new trial." (See *Harris* v. *Board of Education*, 152 Cal.App.2d 677, 683 [313 P.2d 212]; *Goland* v. *Peter Nolan & Co.*, 15 Cal.App.2d 696, 700-701 [60 P.2d 183].)

Reliance is placed by real party on the circumstance that no application was made by petitioners for any action by respondent court after the remittitur was filed. He asserts that by such inaction petitioners treated the reversal as an unqualified one, thus requiring a new trial. We observe that petitioners' treatment of the remittitur is wholly irrelevant to its legal effect. Petitioners were not required to do anything upon the filing of the remittitur. The remittitur directed the trial court to reconsider the motion to dismiss for lack of prosecution for over two years by the exercise of its full discretion. That motion was already before the trial court. Whatever petitioner did or did not do cannot be considered as creating a new trial situation.

Real party cites a line of cases which have construed subdivision (c) of section 583 as applying to two other situations, other than a new trial. These are where the trial court has sustained a *demurrer* without leave to amend, or where a defendant was granted a *summary judgment* or other judgment on the *pleadings*. It is apparent that in those few situations the

[3] *Denham* v. *Superior Court*, 2 Cal.3d 557 [86 Cal.Rptr. 65, 468 P.2d 193].

[4] *Martindale* v. *Superior Court*, 2 Cal.3d 568 [86 Cal.Rptr. 71, 468 P.2d 199].

[5] *Woolfson* v. *Personal Travel Service, Inc.*, 3 Cal.3d 909 [92 Cal.Rptr. 286, 479 P.2d 646].

rights of the parties have been finally determined on the *merits* of the case, either factually or legally. These cases consider such dispositions as a trial for the purpose of applying the "new trial" language of subdivision (c) of section 583.

Section 656 defines a "new trial" as ". . . a re-examination of an issue of fact in the same court after a trial and decision by a jury, court, or referee"; and a "trial" has been defined by the decisions as the examination before a competent tribunal, according to the law of the land, of questions of fact or law put in issue by pleadings, for the purpose of determining the rights of the parties. (*Tregambo* v. *Comanche M. & M. Co.,* 57 Cal. 501, 505; *Adams* v. *Superior Court,* 52 Cal.2d 867, 870 [345 P.2d 466]; *Southern Pacific Co.* v. *Seaboard Mills,* 207 Cal.App.2d 97, 102 [24 Cal.Rptr. 236].) ■ Accordingly, in order that there be a proper foundation for a new trial, a trial must necessarily involve the determination of some issue of fact or law raised by the pleadings or directly connected therewith. (See *City of Pasadena* v. *Superior Court,* 212 Cal. 309, 313-314 [298 P. 968].) In *Pasadena* it was held that the determination of a motion to dismiss on the ground of the failure to proceed does not involve a determination of any issue of fact or law presented in the case but was entirely disconnected therewith. (At p. 314.) (Accord: *Wiggins* v. *Washington Nat. Life Ins. Co.,* 246 Cal.App.2d 840, 844-845 [55 Cal. Rptr. 129]; *Harris* v. *Board of Education, supra,* 152 Cal.App.2d 677, 683.)

Real party's reliance on *Carney* v. *Simmonds,* 49 Cal.2d 84 [315 P.2d 305] is misplaced. That case deals with the type of judgments to which a *motion* for new trial may be directed under the statutes applying to motions for new trial. (§ 655 et seq.) *Carney* does not hold that where a judgment of dismissal is entered in any case for any reason, it will support new trial proceedings.

■ The position taken by real party would result in giving a non-diligent litigant an automatic three-year extension in any case where a defendant has obtained a dismissal for lack of prosecution and the plaintiff, upon taking an appeal from the order of dismissal, is successful in having it reversed. We do not believe that the Legislature intended such a result.

The position in which real party finds himself was brought about by his own neglect. He presents no justification for the failure to diligently prosecute the action against petitioners, save and except that he was required by the condition of the trial calendar to await his turn for a trial date.

As already pointed out, this circumstance is not a legal justification but constitutes conduct aptly described in *Bass* v. *Braun,* 178 Cal.App.2d 744, 750 [3 Cal.Rptr. 212], as follows: "It would, indeed, be unfair to diligent litigants to have a litigant who has negligently allowed his case to approach too close to the final deadline to come into court and plead this fact as an excuse to push diligent litigants out of their legitimate place in line for court hearing. Indeed, we have no means of knowing, under the facts in the case here at bar, how many other litigants were in the position of having their causes finally ready for trial just before their own time limitation was to run."

Let a peremptory writ of prohibition issue directing respondent court to refrain from taking any further action or proceeding in action number 165689, to vacate its order denying petitioners' motion to dismiss said action, and to enter its order dismissing said action.

Sims, J., and Elkington, J., concurred.

A petition for a rehearing was denied February 15, 1974, and the petition of the real party in interest for a hearing by the Supreme Court was denied March 13, 1974.