[Civ. No. 34753. First Dist., Div. Four. Mar. 21, 1975.]

HUGHES & LADD, INC., Plaintiff and Appellant, v.
ROGUE RIVER PAVING COMPANY, Defendant and Respondent.

312

COUNSEL

Partridge, O'Connell & Partridge and Frederick J. Woelflen for Plaintiff and Appellant.

Bronson, Bronson & McKinnon and Helen A. Wharton for Defendant and Respondent.

OPINION

**EMERSON, J.\***—The within action was commenced by the filing of a complaint in the superior court on September 6, 1968. More than seven months later, on April 24, 1969, plaintiff obtained an order for service of summons upon defendant, a foreign corporation, by delivery to the Secretary of State of California. (Code Civ. Proc., § 411, repealed 1969, replaced by Code Civ. Proc., § 416.10 effective 1970.) Service was effected on a date not shown by the record and on August 22, 1969, approximately 11½ months after the complaint was filed, defendant filed its answer.

The case was not brought to trial within five years from the commencement of the action and, on October 30, 1973, on motion of the

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

defendant, was dismissed pursuant to section 583, subdivision (b), of the Code of Civil Procedure.[1] Plaintiff appeals from the ensuing judgment, arguing that the five-year statutory period should have been tolled; i.e., extended, in either of two respects.

■ Plaintiff first urges that the trial court erred by not tolling the 5-year period for the time which elapsed between the filing of the complaint and the filing of defendant's answer; namely, 11 months and 16 days. This argument is completely without merit. Code of Civil Procedure section 583 was amended in 1933 to provide specifically that the 5-year period should commence to run upon the filing of the complaint. (See *Superior Oil Co.* v. *Superior Court* (1936) 6 Cal.2d 113, 116 [56 P.2d 950].)

Plaintiff's next contention is that the trial court should have tolled the five-year period by the time which elapsed between the filing of the complaint and the obtaining of the order for publication of summons. This argument is based upon the proposition that defendant, being a foreign corporation, was not amenable to the process of the court until the order for service of summons was obtained. Plaintiff claims that it was required to spend some seven months of time in endeavoring to locate some agent or officer of defendant in California before obtaining said order. With commendable frankness, plaintiff tells us that as authority for this proposition it is relying solely upon Code of Civil Procedure section 583, subdivision (f), and the case of *People* ex rel. *Cranston* v. *Bonelli* (1971) 15 Cal.App.3d 129 [92 Cal.Rptr. 828]. However, we find nothing in statutory or case law to support this conclusion.

Code of Civil Procedure section 411 (now § 416.10), and by reference sections 6500-6504 of the Corporations Code, provided to appellant a means of obtaining service of summons upon respondent. This method was ultimately used by appellant and could have been used by it at any time after the complaint was filed.

---

[1]Code of Civil Procedure section 583 provides in pertinent part:

"(b) Any action heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced or to which it may be transferred on motion of the defendant, after due notice to plaintiff or by the court upon its own motion, unless such action is brought to trial within five years after the plaintiff has filed his action, except where the parties have filed a stipulation in writing that the time may be extended....

"(f) The time during which the defendant was not amenable to the process of the court and the time during which the jurisdiction of the court to try the action is suspended shall not be included in computing the time period specified in any subdivision of this section."

As has been previously noted the 1933 amendment to Code of Civil Procedure section 583 expressly provides that the five-year period should commence to run upon the filing of the complaint. In the case of *Bass* v. *Braun* (1960) 178 Cal.App.2d 744, 747 [3 Cal.Rptr. 212], it was held that Code of Civil Procedure section 583 does not contemplate excluding from the five-year period the time necessary for service of process.

In *Superior Oil Co.* v. *Superior Court, supra,* 6 Cal.2d 113, the Supreme Court had before it the fact that a 1933 amendment to Code of Civil Procedure section 583 was made retroactive. The court pointed out that ". . . in order to render the retroactivity of the amendment effective in any particular case, a reasonable time must elapse after the change in the remedy to permit the party affected to safeguard his right as against a mandatory dismissal." (*Superior Oil Co.* v. *Superior Court, supra,* at p. 116.) The court then held that a period of one year and five months must be deemed a reasonable time within which to bring the action to trial after the effective date of the amendment. In the instant case appellant had more than four years after obtaining the order for service of summons in which to bring the action to trial. This was clearly a reasonable time.

In view of appellant's expressed reliance upon *People* ex rel. *Cranston* v. *Bonelli, supra,* we feel impelled to discuss that case. *Bonelli* dealt with an analogous code section (Code Civ. Proc., § 581a) as it stood prior to 1970. The 1970 amendment deleted the words "absent from the state," etc. and substituted the words "not amenable to the process of the court." The same amendment was made in the same year to section 583.

If one were to remove the two negatives found in subdivision (f) of section 583, to wit, "The time during which the defendant was not amenable to the process of the court . . . shall not be included in computing the time period . . ." the section would then provide that the time during which the defendant was amenable to process should be included. This is the plain meaning of section 583 of the Code of Civil Procedure.

The judgment is affirmed.

Caldecott, P. J., and Christian, J., concurred.