[No. B021781. Second Dist., Div. Seven. Aug. 6, 1986.]

SALVADOR CHON HIM, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
LLOYD PRICE, Real Party in Interest.

**COUNSEL**

Litwin & Barouh and Louis L. Litwin for Petitioner.

No appearance for Respondent.

Marrone, Robinson, Frederick & Foster and Phillip R. Marrone for Real Party in Interest.

**OPINION**

**THE COURT.**\*—In this writ proceeding petitioner challenges the respondent's denial of his motion to specially set the case for trial (Cal. Rules of Court, rule 375(b)) to avoid the running of the five-year period specified in section 583.310 of the Code of Civil Procedure.[1] For reasons to follow, we have concluded petitioner is entitled to relief.

---

\*Before Lillie, P. J., Thompson, J., and Johnson, J.

[1] All further statutory references are to the Code of Civil Procedure.

## Procedural Background

On April 7, 1981, petitioner filed his complaint seeking damages against real party for personal injuries sustained in an automobile collision. Absent circumstances which would toll the statute, the mandatory period within which to bring the matter to trial would therefore have expired on April 7, 1986.

An answer was filed in April 1982. Petitioner's at-issue memorandum was filed in November 1982. In October 1984 petitioner served interrogatories. Real party requested and obtained an open extension of time to respond. Answers to the interrogatories have not been served. Settlement negotiations took place during 1985.

On February 18, 1986, petitioner's counsel was hospitalized after suffering severe chest pains. His condition was diagnosed as crescendo angina, the forerunner of a heart seizure. A surgical procedure (angioplasty) was promptly performed, and following a brief hospital stay counsel was discharged to convalesce at home. By late March he was able to work in his office two hours per day, and by May he was spending approximately four hours per day at the office.

In late April petitioner's counsel realized the five-year period had expired and immediately telephoned the office of real party's attorney (Burman), confident of obtaining a written stipulation to extend time in view of the theretofore "extremely cooperative" relationship between counsel. To his dismay however, petitioner's counsel was told Burman was no longer with the firm representing real party and there would be no agreement to waive the five-year statute.

On May 8, 1986, real party moved to dismiss for failure to bring the action to trial within five years from its commencement. Petitioner argued against dismissal on grounds the previous concord between counsel lulled his attorney into a false sense of security, supporting an implied finding that it was impracticable to get the case to trial within the five-year period. (§ 583.340, subd. (c).)

On June 27, 1986, the respondent denied real party's motion to dismiss. Although the court rejected petitioner's argument for impracticability on the basis of an implicit stipulation to waive the statute, it was "persuaded that it was impracticable if not impossible for [petitioner's counsel] to bring the matter to trial by reason of his acute and serious illness." The court held the statute was tolled for 42 days for counsel's disability, as well as for an additional period from the date of filing of the motion to dismiss

until service of notice of the court's ruling (plus 5 days if served by mail). Notice of the ruling was served by mail July 3, 1986, and petitioner's counsel calculated the last day to bring the case to trial was July 21.[2]

Upon receipt of the court's ruling petitioner's counsel telephoned counsel for real party to advise that due to the time constraints he would move on Monday, July 7 (the next court day—July 4 fell on Friday) to specially set the case for trial. It turned out however he first had to obtain an order shortening time, and the application therefor could not be made until July 8 because notice had to be given before noon of the previous court day. On July 8, counsel for both parties appearing, petitioner's motion to specially set for trial was set for hearing on July 11.

On July 11 the respondent heard and denied the motion to specially set, "specifically on the basis that there's not the 15 days to give notice of the trial" required by section 594.[3]

## DISCUSSION

█ As the foregoing facts indicate, petitioner's motion to specially set the case for trial was argued and decided on the premise petitioner had to bring the case to trial by July 21, 1986, in order to avoid mandatory dismissal. (§§ 583.310, 583.360.) Apparently, neither counsel nor the respondent was aware of section 583.350, which afforded petitioner ample additional time to bring the action to trial after the end of the tolling period. Section 583.350, added by the Legislature in 1984, provides: "If the time within which an action must be brought to trial pursuant to this article is tolled or otherwise extended pursuant to statute with the result that at the end of the period of tolling or extension less than six months remains within which the action must be brought to trial, the action shall not be dismissed pursuant to this article if the action is brought to trial within six months after the end of the period of tolling or extension." Here, less than six months remained within which to bring the action to trial at the end of the period of tolling, and hence pursuant to section 583.350 petitioner had six months after July 8, 1986, the end of the tolling period, to bring the case to trial.

█ Real party urges, however, that the respondent court improperly tolled the five-year statute for counsel's disability, because as a matter of

---

[2]Adding five days to the date of service, the total time of pendency of the motion to dismiss was sixty-one days (May 8 to July 8). Adding the 42 days for counsel's disability, the last day to bring the case to trial was July 19. July 19 fell on a Saturday.

[3]Section 594 provides in relevant part: "(a) . . . either party may bring an issue to trial . . . provided, however, if the issue to be tried is an issue of fact, proof shall first be made to the satisfaction of the court that the adverse party has had 15 days' notice of such trial . . . ."

law the illness of an attorney cannot excuse a delay in bringing a case to trial within the five-year period. We disagree with real party's statement of the law. While neither of the parties hereto, nor this court, has found any case in which an attorney's illness has been held to toll the five-year statute,[4] the existence of impracticability is "determined in light of all the circumstances in the individual case, including the acts and conduct of the parties and the nature of the proceedings themselves. [Citations.] The critical factor in applying [the exception] to a given factual situation is whether the plaintiff exercised reasonable diligence in prosecuting his or her case." (*Moran* v. *Superior Court* (1983) 35 Cal.3d 229, 238 [197 Cal.Rptr. 546, 673 P.2d 216]; see also *Hoffman* v. *State of California* (1985) 171 Cal.App.3d 1100, 1106 [217 Cal.Rptr. 867].) The law applicable to the instant case, properly stated, is that "[d]elay attributable to sickness or death of counsel . . . is not *necessarily* excusable. Each case must be decided on its own peculiar features and facts. (*Beswick* v. *Palo Verde Hospital Assn.* (1961) 188 Cal.App.2d 254, 261 [10 Cal.Rptr. 314].)" (*White* v. *Mortgage Finance Corp.* (1983) 142 Cal.App.3d 770, 775 [191 Cal.Rptr. 277]; italics supplied.)

Evaluating the facts of this case by the "reasonable diligence" standard delineated in *Moran* v. *Superior Court, supra,* and codified in subdivision (c) of section 583.340, real party has failed to meet the burden of showing that the respondent abused its discretion in determining the five-year statute was tolled for counsel's illness. The respondent necessarily found that under all of the circumstances petitioner's conduct was sufficiently diligent to warrant the application of the impracticability exception to excuse his failure to bring the case to trial within the five-year limit, and we find no abuse of discretion in such finding.

We have reached our conclusion after full consideration of the issues and after advising real party that we might act by peremptory writ in the first instance. (§ 1088; *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 177-180 [203 Cal.Rptr. 626, 681 P.2d 893].) Such procedure is proper.

Let a peremptory writ of mandate issue directing the respondent court to vacate its order of July 11, 1986, in Los Angeles County Superior Court case No. C362644 denying petitioner's motion to specially set the case for

---

[4]But see *Lewis* v. *Superior Court* (1985) 175 Cal.App.3d 366 [220 Cal.Rptr. 594], wherein the court held the statute of limitations controlling commencement of actions (§ 340, subd. (3)) was tolled where an unforeseeable accident rendered it "impossible" for plaintiff's attorney to file within the statutory period.

trial, and to enter a new and different order setting the matter for trial on a date prior to January 7, 1987.

The stay of proceedings issued herein July 24, 1986, is vacated.