[No. C006496. Third Dist. Jan 24, 1990.]

SIERRA-NEVADA MEMORIAL-MINERS HOSPITAL, INC.,
Petitioner, v.
THE SUPERIOR COURT OF SACRAMENTO COUNTY,
Respondent;
DIANE M. HUDSON et al., Real Parties in Interest.

**COUNSEL**

Weintraub, Genshlea, Hardy, Erich & Brown, John Quincy Brown, Jr., and Keith D. Chidlaw for Petitioner.

No appearance for Respondent.

Rummonds & Mair, James S. Rummonds and Sally A. Williams for Real Parties in Interest.

## OPINION

**BLEASE, Acting P. J.**—This matter arises on a petition by defendant hospital for a writ of mandate overturning the denial of its motion to dismiss a medical malpractice action brought by real parties in interest (plaintiffs) for failure to bring it to trial within five years as required by Code of Civil Procedure section 583.310.[1]

The failure was due to a computational error by plaintiffs' law firm in calendaring the case for timely action on its part. Petitioner (defendant hospital) moved for dismissal of the action under section 583.310. The trial court denied the motion on the ground that the five years was tolled for seventy-seven days. The court reasoned that "[b]ringing the action to trial, . . . was impossible, impracticable, or futile" under subdivision (c) of section 583.340 because the only experienced trial attorney in the firm was disabled for that accumulated period due to three episodes of surgery and convalescence during the five-year period.

We will grant the petition because the failure of plaintiffs' law firm to calendar the case in a timely manner had nothing to do with counsel's physical disabilities. We decline to read section 583.340 as an open-ended sick leave program for counsel.

### FACTS AND PROCEDURAL BACKGROUND

The complaint was filed in propria persona. It alleges in generic terms that defendant hospital is liable for damages for medical malpractice in the treatment of plaintiff Diane M. Hudson on January 28, 1983, and for resulting loss of consortium to her husband, Arthur. It was not served on defendant hospital until December 9, 1986, and was answered the next month. Although there was no evidence submitted on the point, plaintiffs asserted in their memorandum of points and authorities that the lawyer who prepared the complaint "[o]ne year later . . . declined to accept plaintiffs' case." They also asserted in that memorandum that they left the file "with a second attorney, who reviewed it and kept it for one year." On February 2, 1987, plaintiffs substituted the firm of Rummonds & Mair as counsel of record.

On April 29, 1988, plaintiffs propounded their first and only set of interrogatories, which were answered on June 7. Defendant hospital propounded its first and only set of interrogatories on June 17, 1988, and these were

---

[1] All statutory references are to the Code of Civil Procedure unless otherwise indicated.

answered on August 22. On November 21, 1988, plaintiffs propounded their first and only set of requests for production of documents, to which defendant hospital responded on December 21.

In early 1987, the firm of Rummonds & Mair consisted of two partners, one associate, and two "contract" attorneys. In December 1987 Rummonds's partner departed. One of the contract attorneys, Sally Williams, was assigned to work on the discovery and preparation of this case. Williams also arranged review of the case by several medical consultants. Williams averred that these consultants told her "that the nature of plaintiff Diane Hudson's injury has required very sophisticated medical testing and evaluation." She also averred that Diane Hudson had been difficult to communicate with because of her injuries, which had required an extension of time to answer defendant hospital's interrogatories.

Williams gave the following explanation of the failure to seek a trial date prior to lapse of the five-year period. "During the time that I was performing services on this file, I mistakenly referred to the date posted on the file label as the date the complaint was filed. The date on the label is December 9, 1986 and is the date the complaint was served. [¶] . . . During the last 7 months, Mrs. Hudson's file has been in custody of consultants, and I was precluded from noticing my mistake, until I was ready to fill out the At Issue Memorandum served January 27, 1989."

On October 14, 1986, Rummonds became lead counsel in a trial in Monterey County Superior Court, with an estimated trial time of three to nine months. Other than a six-month recess, however, this trial continued through March 1, 1989.

On August 5, 1987, Rummonds underwent surgery for a ruptured colon, which left him partially incapacitated for a period of 30 days. On October 9, 1987, Rummonds underwent a second surgery, which again required a 30-day recuperation period. In November, 1988[2] Rummonds underwent a third

---

[2] In his original declaration of March 1, 1989, Rummonds indicated the third surgery occurred in November 1989, an obvious misstatement. At the hearing on defendant hospital's motion to dismiss, defense counsel referred to the third surgery as having taken place in November 1988. We assume the third surgery occurred in 1988, since that was the impression upon which the trial court apparently acted in noting at oral argument that "and the last illness came close to the end of the five-year period." Rummonds later resubmitted his declaration, in connection with a motion to advance trial setting, with an interlineation indicating that the surgery had taken place in 1987. However, in a new declaration submitted in this court Rummonds avers that the third surgery was in November 1988. Since it would be misconduct for Rummonds, who argued the matter at the hearing on the motion to dismiss, to fail to correct a misleading view of the material fact of the date of his last surgery, we have given plaintiffs the benefit of the doubt on the date.

surgery, this time requiring approximately two weeks of recuperation. During these periods, the Monterey County trial was recessed.

Five years and one day after filing the complaint, plaintiffs served defendant hospital with an at issue memorandum. On February 6, defendant hospital filed a motion to dismiss, which was heard on March 10. After the court denied the motion in an order filed March 20, 1989, defendant hospital petitioned this court for a writ of mandate directing that the motion be granted.

## DISCUSSION

As related, the reason plaintiffs missed the five-year date for bringing an action to trial was an error in the calculation of the statutory deadline for bringing the action to trial which occurred because a counsel for plaintiffs' law firm mistakenly referred to the date posted on the file label as the date the complaint was filed. Notwithstanding this admitted reason for the failure, the trial court concluded that the statute had been tolled for 77 days due to the period of disability attributable to plaintiffs' counsel Rummonds's surgery and convalescence. It relied upon *Him* v. *Superior Court* (1986) 184 Cal.App.3d 35 [228 Cal.Rptr. 839], in which the Court of Appeal held that the five-year period had been tolled for forty-two days due to counsel's illness. As appears, this case is distinguishable and there is no basis under the governing statutes for tolling the five-year dismissal period on the ground of counsel's illness.

The tolling provision, section 583.340, provides that in computing the five year period "there shall be excluded the time during which any of the following conditions exist[]: [¶] (a) The jurisdiction of the court to try the action was suspended. [¶] (b) Prosecution or trial of the action was stayed or enjoined. [¶] (c) Bringing the action to trial, for any other reason, was impossible, impracticable, or futile." The question is whether the period of Rummonds's surgery and convalescence qualifies for exclusion under subdivision (c). As appears, the answer is no.

Section 583.340 was added to the code in 1984 without change as proposed by the California Law Revision Commission. (See 17 Cal. Law Revision Com. Rep. (1984) pp. 905, 935.) For that reason the report of the commission is entitled to substantial weight in construing the statute, particularly since the Law Revision Commission's comment which accompanied the proposed statute through the legislative process is brief. (See, e.g., *Van Arsdale* v. *Hollinger* (1968) 68 Cal.2d 245, 249-250 [66 Cal.Rptr. 20, 437 P.2d 508].)

The comment says in material part: "Subdivision (c) [of section 583.340] codifies the case law 'impossible, impractical, or futile' standard. The provisions of subdivision (c) must be interpreted liberally, consistent with the policy favoring trial on the merits. See Section 583.130 (policy statement). Contrast Section 583.240 and Comment thereto (strict construction of excuse for failure to serve within prescribed time). This difference in treatment recognizes that bringing an action to trial, unlike service, may be impossible, impracticable, or futile due to factors not reasonably within the control of the plaintiff. [¶] Under Section 583.340 the time within which an action must be brought to trial is tolled for the period of the excuse, regardless whether a reasonable time remained at the end of the period of the excuse to bring the action to trial. This overrules cases such as *State of California* v. *Superior Court,* 98 Cal.App.3d 643, 159 Cal. Rptr. 650 (1979), and *Brown* v. *Superior Court,* 62 Cal.App.3d 197, 132 Cal.Rptr. 916 (1976)." (17 Cal. Law Revision Com. Rep., *supra,* at p. 936.)

The law prior to the 1984 enactment provided for mandatory dismissal after five years without statutory exception except that the time period was not to include the time during which the defendant was not amenable to the process of the court or the jurisdiction of the court to try the action was suspended. (Former § 583, Stats. 1982, ch. 1402.) However, case law developed implied exceptions for circumstances in which "the party is unable, from causes beyond his control, to bring the case to trial[.]" (*Christin* v. *Superior Court* (1937) 9 Cal.2d 526, 532-533 [71 P.2d 205, 112 A.L.R. 1153], upholding denial of dismissal where a "substantial part" (almost four years) of the five-year period was consumed in an appeal of an erroneous venue ruling.) The exceptions went beyond strict impossibility to circumstances in which "proceeding to trial would be both impracticable and futile." (*Id.* at p. 533.) As will appear from the language of section 583.340, subdivision (c) and the commission comment these standards were codified in the new enactment and hence the case law from which it is derived supplies meaning for its language.

However, it appears from the Law Revision Commission comment that the new statute was drafted to effect one change in the prior law. Under the prior case law the claim that the statute should be tolled because of an inability occurring during the five years was rejected if there remained time to bring the action to trial after the end of the period of claimed inability. Thus, in *Brown* v. *Superior Court* (1976) 62 Cal.App.3d 197 [132 Cal.Rptr. 916], the plaintiff was incarcerated during part of the five-year period following the filing of the complaint but was released almost two years prior to the deadline. The court reasoned that it need not reach the question whether the period of incarceration met the impossible, impracticable, and futile

standard because plaintiff was thereafter available for trial for nearly two years. It applied the statute to terminate the action. (62 Cal.App.3d at p. 199.) In *State of California* v. *Superior Court* (1979) 98 Cal.App.3d 643 [159 Cal.Rptr. 650], judicial arbitration proceedings took almost ten months of the five-year period but there remained almost seven months until the deadline. The court reasoned that this was ample time within which to bring the matter to trial and that the reason for failure to meet the deadline was an inadvertent failure to seek an early trial date. It held that "since plaintiffs had in excess of six months to bring the action to trial . . . following the termination of the arbitration proceedings . . . the court below abused its discretion in failing to grant defendants' motion to dismiss." (98 Cal.App.3d at p. 650.)

The Law Revision Commission comment asserts that these cases are to be "overruled" by section 583.340. Plaintiffs argue that the mechanism which effects this purpose is the provision that "time during which . . . [¶] [c] [b]ringing the action to trial . . . was impossible, impracticable, or futile" is to be excluded from computation of the five years. But they give no explanation why this is so. The rule which governed the *Brown*, and *State of California* v. *Superior Court* cases, to which the proscription of the Law Revision Commission comment is directed, is that regardless whether there was a period of impossibility, impracticability, or futility which occurred during the statutory period, if there is a reasonable time within which to bring the matter to trial thereafter the period of impossibility etc. did not toll the five years. The rule which is thereby abrogated is in the nature of an equitable consideration which is evoked after it had been shown that there was a period during which the bringing of the matter to trial was impossible, impracticable or futile. That left as a viable precedent the applications of the existing cases of the test of impossibility, impracticability, or futility.

■■■ That brings us to this case. As appears, the change in the law has no application to these circumstances. Rather, like *Central Mutual Ins. Co.* v. *Executive Motor Home Sales, Inc.* (1983) 143 Cal.App.3d 791 [192 Cal.Rptr. 169], here "we are not dealing with a case of balancing the equities in the exercise of discretion *after* proof of impossibility, impracticability or futility." (*Id.* at p. 794, italics in original.) Rather, we are asked to determine what it means to say that "[b]ringing the action to trial, . . . was impossible, impracticable, or futile" by reason of the claimed disability. That implies a causal connection between disability and impossibility. That cannot mean that for any reason unconnected to the progress of the case the plaintiff does not have it within his power to bring the case to trial during the statutory period. If that were the sole criterion the statutorily prescribed

five years would never be applicable. The ordinary and usual proceedings in the course of the prosecution of an action necessarily entail some periods during which the plaintiff cannot literally bring the matter to trial, as for example the period during which the defendant hospital has the right to answer. Such periods are not within the reach of the impossible, impracticable, or futile standard.

" 'On the contrary, it has been held that ". . . even though a part of the five-year period must necessarily be consumed in service of process, disposition of demurrers, amendment of the pleadings, if necessary, usual and reasonable time consumed in waiting for a place on the court's calendar or in securing the attendance of a jury and suchlike usual and necessary proceedings; . . . the section does not contemplate that time consumed in such ordinary proceedings are to be excluded from a computation of the five-year period." ' (*J. C. Penney Co.* v. *Superior Court* [1959] 52 Cal.2d 666, 670 []; *Continental Pac. Lines* v. *Superior Court* [1956] 142 Cal.App.2d 744, 750; *Breakstone* v. *Giannini* [1945] 70 Cal.App.2d 224, 228.)

■ "The purpose of the statute is 'to prevent *avoidable* delay for too long a period.' (*Christin* v. *Superior Court,* 9 Cal.2d 526, 532 [].) Those instances which constitute the impossibility, impracticability or futility which come within the time impliedly excepted from the statutory period must be determined in the light of the purpose of the statute. As a consequence, every period of time during which the plaintiff does not have it within his power to bring the case to trial is not to be excluded in making the computation." (*Beswick* v. *Palo Verde Hospital Assn.* (1961) 188 Cal.App.2d 254, 257-258 [10 Cal.Rptr. 314].)

The plaintiff must do more than merely demonstrate that his counsel was unable to attend trial or to attend to trial preparation at times due to illness and thereby establish the aggregate period as one of impossibility, impracticability, or futility warranting a tolling of the statute. In the course of five years it is reasonable to expect that counsel will suffer a number of days when illness will prevent his attendance to his practice. Similarly, it is reasonable to expect that counsel will have to attend to other business, personal and professional, including, for example, days off and vacations. The five-year period contains an allowance for the time so consumed in the same manner as it allows for the usual and ordinary proceedings attendant to moving the case to trial. It would render the statute utterly indeterminate, subjective, and unadministerable, and thus absurd, to read an open-

ended sick leave program for counsel into the tolling provisions of section 583.340, subdivision (c).[3]

██ The text of section 583.340 impels the view that there must be a causal connection between the circumstance upon which plaintiff relies and the failure to satisfy the five-year requirement. Bringing the action to trial must be impossible, impracticable, or futile for the reason proffered. This is consistent with the earlier case law requirement that "the party is unable, from causes beyond his control, to bring the case to trial[.]" (*Christin, supra,* 9 Cal.2d at p. 532.) This policy is expressly recognized in the Commission comment. In explaining the difference between section 583.240 (excuse for failure to timely serve process) and section 583.340, the comment "recognizes that bringing an action to trial, unlike service, may be impossible, impracticable, or futile *due to* factors not reasonably within the control of the plaintiff." (*Id.* at p. 936, italics added.)

A bare showing that a counsel was ill does not warrant the attribution of such causation. Two kinds of circumstance occur to us in which it may be appropriate to say that the illness or counsel has *caused* the plaintiff to fail to bring the case to trial in compliance with the five-year requirement.[4] The first is when an illness of counsel occurs at the end of the five-year period in circumstances in which it is likely that counsel, but for the illness, would have become aware of the impending deadline and taken the appropriate action to avert the transgression. The second is an unusually lengthy illness of sole counsel which deprives the plaintiff of a substantial portion of the five-year period for prosecution of the lawsuit, i.e., trial preparation and moving the case to trial. This case does not fit either of these paradigms.

In this case the only period of surgery and convalescence near the end of the five-year period was the two weeks in November 1988, approximately two months prior to the deadline. However, there is no basis in plaintiffs' evidence for an inference that but for this period of incapability Rummonds would have discovered the impending deadline and taken some action re-

---

[3] Nor would such a reading square with the treatment of illness of counsel for purposes of the impossible, impracticable, or futile standard in the antecedent case law which provides content for that standard. Claims of impossibility, impracticability, or futility grounded on illness or death of a party or of counsel were generally unsuccessful. (See *Beswick, supra,* 188 Cal.App.2d at pp. 260-261; cf., Annot. Illness or Death of Party, Counsel, or Witness as Excuse for Failure to Timely Prosecute Action (1961) 80 A.L.R.2d 1399, 1404-1405, and California cases cited therein.) Necessarily, more than the bare fact of illness of counsel is required.

[4] We address here only claims where the sole proffered period of tolling is the period of incapacity of a counsel due to illness, and not claims where various proffered periods are tacked together.

garding it. Indeed, that evidence impels the contrary inference. Williams rather than Rummonds was doing the pretrial work on plaintiffs' case. Rummonds's attention was devoted to another trial which continued far beyond two weeks after expiration of the five years.

This distinguishes the case from *Him, supra*, 184 Cal.App.3d 35, where plaintiff's sole counsel was incapacitated during the seven weeks prior to the deadline and discovered its passage three weeks of half-time work after the deadline. (184 Cal.App.3d at p. 37.) In *Him* there was a permissible inference (albeit not a compelled one) that but for the illness counsel would have discovered the impending deadline in the ordinary course of his practice a month or more prior to the lapse.

Nor were Rummonds's illnesses sufficiently lengthy in the aggregate to permit the finding that plaintiffs' failure to bring the matter to trial within five years was attributable to unavoidable delay in prosecution of the litigation. Even viewing the pertinent time period as the 2 years during which Rummonds's firm handled the case, there were 77 days of illness in a 723 day span. This is not a sufficient period *alone* to warrant an inference that an appreciable delay in the prosecution of plaintiffs' case occurred because of that incapacity. There was no other evidence that the plaintiffs' case was retarded in its development for trial and would otherwise have been suitably prepared for trial but was not trial ready because of Rummonds's incapacitation. Moreover, the basis for a finding of delay in prosecution attributable to Rummonds's illnesses was also undercut by the consideration that Rummonds was not a sole practitioner and had consigned the pretrial work in the case to Williams. (Cf. *Knight* v. *Pacific Gas & Elec. Co.* (1960) 178 Cal.App.2d 923, 930 [3 Cal.Rptr. 600].) Under these circumstances defendant hospital was entitled to have the action dismissed for plaintiffs' failure to meet the five-year deadline.

We have previously complied with the requirements delineated in *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171 [203 Cal.Rptr. 626, 681 P.2d 893], thereby authorizing the issuance of a peremptory writ of mandate in the first instance. Let a peremptory writ of mandate issue directing respondent superior court to vacate its order denying defendant hospital's motion to dismiss and to enter a new order granting the motion.

Sparks, J., and Davis, J., concurred.