Filed 7/20/22  Borrayo v. Avery CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| LIDIA C. BORRAYO,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>G. JAMES AVERY,<br><br>    Defendant and Respondent. | A161347<br><br>(San Francisco City & County<br>Super. Ct. No. CGC-12-525769) |

Plaintiff filed an action for medical negligence against defendant in 2012.  Defendant's motion for summary judgment was granted on the ground that plaintiff's expert, a physician in Mexico, was not qualified to provide expert testimony on the standard of care in the United States.  Plaintiff appealed, and this court reversed.  (*Borrayo v. Avery* (2016) 2 Cal.App.5th 304 (*Borrayo I*).)  The remittitur was filed in the trial court on October 19, 2016.  Pursuant to Code of Civil Procedure[1] section 583.320, subdivision (a)(3), plaintiff had three years after the remittitur was filed— until October 19, 2019—to bring the action to trial.

---

[1] All statutory references are to the Code of Civil Procedure unless otherwise specified.

On June 16, 2020, defendant filed a motion to dismiss for lack of prosecution. The court granted the motion on the grounds plaintiff had failed to exercise reasonable diligence in bringing the case to trial and the deadline was not tolled by impossibility or impracticability under section 583.340, subdivision (c). The court also found Judicial Council emergency rule 10(b) (Cal. Rules of Court, appen. I, emergency rule 10(b) (emergency rule 10(b))) did not extend the deadline by six months and, even if it did, that deadline had also passed. Judgment for defendant was entered, and plaintiff timely appealed.

On appeal, plaintiff contends that she was reasonably diligent in bringing the matter to trial and that the deadline to bring the case to trial under section 583.320, subdivision (a)(3) was tolled due to impossibility and impracticability under section 583.340, subdivision (c). Plaintiff also contends that the deadline under section 583.340, subdivision (a)(3) was extended by six months pursuant to emergency rule 10(b) and that plaintiff was entitled to an additional six months based upon the extension created by that "statute" pursuant to section 583.350, for a total extension of one year. We affirm the dismissal.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

The facts alleged in plaintiff's underlying medical negligence action are described in this court's previous opinion and need not be repeated in detail here. In essence, plaintiff filed a complaint alleging defendant was negligent in treating her thoracic outlet syndrome. (*Borrayo I, supra*, 2 Cal.App.5th at pp. 307–308.) Before trial, defendant moved for summary judgment. In opposition to the motion, plaintiff submitted a declaration of Dr. Abraham Castrejon Pineda, a physician practicing in Mexico. Defendant objected to

2

the declaration of Dr. Castrejon Pineda on the basis he had failed to establish he was sufficiently familiar with the standard of care in the United States. (*Ibid*.) The trial court sustained the objection and granted the motion. (*Id.* at pp. 308–309.) On appeal, we reversed, concluding that defendant's "locality objection" to plaintiff's expert declaration should not have been granted. (*Id.* at p. 314.)

The remittitur was filed in the trial court on October 19, 2016, which triggered the three-year deadline under section 583.320, subdivision (a)(3) to bring the case to trial. On November 3, 2016, defense counsel advised plaintiff's counsel of his wish to depose Dr. Castrejon Pineda. According to plaintiff's counsel, he did not reply to this request because he did not believe defendant was entitled to take Dr. Castrejon Pineda's deposition. Over a year later, during December 2017, plaintiff's counsel reconsidered and attempted to contact Dr. Castrejon Pineda, only to learn that the doctor had died on February 9, 2016, during the pendency of the earlier appeal. On December 20, 2017, the date he learned of the doctor's passing, plaintiff's counsel e-mailed defendant's attorney, asking him to stipulate to the naming of another retained expert as soon as they obtained one.[2]

Counsel for plaintiff had concluded that there was a reluctance on the part of experts in the United States to testify against defendant. In addition, the "financial capacity" of plaintiff's counsel to advance costs was not unlimited, and he anticipated a renewed search for an expert would be long and entail "far more costs than [he] could ever afford to pay," having already advanced more than $10,000 for litigation costs. Plaintiff had limited

---

[2] According to plaintiff's counsel, during the year that had passed since the remittitur was filed, he had been waiting for "the court to resume procedural oversight of the case by setting a case management conference."

resources as her only income was from disability benefits. Therefore, plaintiff's counsel encouraged his client to find a treating doctor in Mexico who would be willing to perform reconstructive surgery and consult with him. Counsel thought it likely that such a doctor would be willing to consult with him "more or less gratis" concerning the medical-legal issues. In mid-2018, plaintiff learned of an orthopedic surgeon, Dr. Jose Miguel Huerta, located in Guadalajara, Mexico. Because plaintiff had limited income, she needed to save money to pay for the trip to see Dr. Huerta. Eventually, plaintiff attended appointments with Dr. Huerta in January and February 2019. During these visits, Dr. Huerta indicated his willingness to perform corrective surgery and to consult with her counsel.

In the meantime, on November 16, 2018, defendant filed another summary judgment motion. Although Dr. Huerta opined to plaintiff's counsel that defendant had departed from the standard of care, he ultimately "balked" at finalizing and signing a declaration drafted by counsel in opposition to the motion. As plaintiff's counsel describes it, "in the equivalent of a 'Hail Mary pass,' " in March 2019, he launched a search for another forensic orthopedic expert in the United States. Counsel was able to retain an orthopedic surgeon, Dr. Bruce E. Ellison, in less than a month. He claims that, this time, his search for an expert located in the United States was aided because he now had color films (apparently computerized tomography (CT) scans) taken by Dr. Huerta. On April 12, 2019, plaintiff filed a declaration of Dr. Ellison in opposition to the second summary judgment motion. After taking Dr. Ellison's deposition, defendant took the motion off calendar shortly before the hearing date of June 21, 2019.

With the summary judgment motion resolved, plaintiff's counsel "expected that said activity would put this case back on the court's radar

4

screen" and that an order scheduling a case management conference would be forthcoming. When he did not hear anything, he e-mailed defense counsel on March 11, 2020 to propose bringing a joint ex parte application for a case management conference or trial setting conference. Defense counsel did not respond. By mid-March 2020, the COVID-19 pandemic was underway.

June and July saw a flurry of activity by both sides. On June 12, 2020, plaintiff filed a case management statement seeking the earliest possible date for a nonjury trial. On June 16, 2020, defendant filed a motion to dismiss on the ground that plaintiff had not brought the case to trial within the three-year timeframe mandated by section 583.320, subdivision (a)(3). Also on June 16, plaintiff filed an ex parte application for an order shortening time on a motion for preference in trial setting. The application was denied without prejudice to bringing a motion on a regularly scheduled basis. On June 17, 2020, the court issued an order setting a case management conference for July 22, 2020.

On June 25, 2020, defendant submitted a case management statement asserting the time for trial had already expired and alternatively requesting a jury trial. On June 26, 2020, plaintiff filed a motion for preference in setting trial. On July 8, 2020, the court issued a notice setting the case for jury trial on January 11, 2021. On July 8, 2020, defendant filed opposition to the motion for preference. On July 10, 2020, plaintiff filed opposition to the motion to dismiss. On July 14, 2020, plaintiff filed her reply in support of the motion for preference. On July 15, 2020, defendant filed reply papers in support of the motion to dismiss.

The court denied plaintiff's motion for preference on July 21, 2020. On July 23, 2020, after argument, the court issued a written order granting the

motion to dismiss.  Judgment for defendant was entered the same day.  This timely appeal followed.

## II.

## DISCUSSION

### A.    *Applicable Law and Standard of Review*

An action must generally be brought to trial within five years after it is commenced.  (§ 583.310.)  If, on appeal, an order granting a new trial is affirmed or a judgment is reversed, and the action is remanded for a new trial, the action must be brought to trial within the later of the five-year period or the three-year period following the filing of the remittitur by the clerk of the trial court.  (§ 583.320, subds. (a)(3) & (b).)  This provision has been construed to apply to a reversal after a summary judgment.  (*Rel v. Pacific Bell Mobile Services* (2019) 33 Cal.App.5th 882, 892.)  Dismissal for failure to meet these timelines is mandatory except as provided by statute. (§ 583.360.)

Section 583.340, subdivision (c) provides that in computing the time to bring the action to trial, any period in which it was impossible, impracticable, or futile to bring the action to trial is excluded.  In considering whether the statutory deadline is tolled pursuant to section 583.340, subdivision (c), the "trial court must determine whether plaintiff has shown a circumstance of impossibility, impracticability, or futility, a causal connection to the failure to move the case to trial, and that he or she was 'reasonably diligent in prosecuting the case at all stages of the proceedings.' " (*Bruns v. E-Commerce Exchange, Inc.* (2011) 51 Cal.4th 717, 731 (*Bruns*); see also *Gaines v. Fidelity National Title Ins. Co.* (2016) 62 Cal.4th 1081, 1100 (*Gaines*) [in deciding whether exception applies, "the court must consider ' "all the circumstances in the individual case, including the acts and conduct of the parties and the

6

nature of the proceedings themselves," ' " quoting *Bruns*].) " 'The critical factor in applying these exceptions to a given factual situation is whether the plaintiff exercised reasonable diligence in prosecuting his or her case." (*Bruns,* at p. 730.) Tolling is warranted "if and only if the court finds that the plaintiff used due diligence to [bring the matter to trial] and that in spite of such due diligence, it was impossible, impracticable, or futile" to do so. (*Sanchez v. City of Los Angeles* (2003) 109 Cal.App.4th 1262, 1270 (*Sanchez*), italics omitted.)

Additionally, " '[t]he text of section 583.340 impels the view that there must be a causal connection between the circumstance upon which [the] plaintiff relies and the failure to satisfy the [statutory deadline]. Bringing the action to trial must be impossible, impracticable, or futile for the reason proffered.' " (*Sanchez, supra*, 109 Cal.App.4th at p. 1272, quoting *Sierra Nevada Memorial-Miners Hospital, Inc. v Superior Court* (1990) 217 Cal.App.3d 464, 473 (*Sierra Nevada*), italics omitted.) For instance, in *Sanchez*, the appellate court concluded that the failure to timely bring the action to trial was not due to the proffered reasons—the suicide of the plaintiff's counsel, the four months it took to find replacement counsel, and/or the three months during which the plaintiffs were seeking writ review of a discovery order. (*Sanchez*, at p. 1272.) Rather, the failure was due to "counsel's lack of diligence in failing to keep apprised of the case's chronology." (*Ibid.*)

Following the outbreak of COVID-19 in March 2020, the Judicial Council adopted an emergency rule which tolled the deadlines to bring a civil action to trial under sections 583.310 and 583.320. Emergency rule 10, effective April 6, 2020, provides in pertinent part as follows: "(a) . . . [¶] Notwithstanding any other law, including Code of Civil Procedure

7

section 583.310, for all civil actions filed on or before April 6, 2020, the time in which to bring the action to trial is extended by six months for a total time of five years and six months. [¶] (b) . . . [¶] Notwithstanding any other law, including Code of Civil Procedure section 583.320, for all civil actions filed on or before April 6, 2020, if a new trial is granted in the action, the three years provided in section 583.320 in which the action must again be brought to trial is extended by six months for a total time of three years and six months. Nothing in this subdivision requires that an action must again be brought to trial before expiration of the time prescribed in (a)." (Cal. Rules of Court, appen. I, emergency rule 10.) Finally, section 583.350 provides that "[i]f the time to bring an action to trial is tolled or otherwise extended pursuant to statute" with the result that, at the end of the period of tolling or extension, less than six months remains to bring the action to trial, the action shall not be dismissed if the action is brought to trial within six months after the period of tolling or extension.

" 'The question of impossibility, impracticability, or futility is best resolved by the trial court, which "is in the most advantageous position to evaluate these diverse factual matters in the first instance." ' " (*Gaines, supra*, 62 Cal.4th at p. 1100; accord, *Bruns, supra*, 51 Cal.4th at p. 731.) Thus, " '[t]he trial court's findings of fact are reviewed for substantial evidence, its conclusions of law are reviewed de novo, and its application of the law to the facts is reversible only if arbitrary and capricious.' " (*Gaines,* at p. 1100.) Moreover, "[t]he plaintiff bears the burden of proving that the

8

circumstances warrant application of the section 583.340[, subdivision] (c) exception." (*Bruns*, at p. 731.)[3]

## B. *Plaintiff Failed To Exercise Reasonable Diligence To Bring the Case to Trial*

Plaintiff claims on appeal that the three-year period to bring the case to trial should have been tolled during two separate time periods under 583.340, subdivision (c). The " 'First Period,' " October 2016 to December 2017, should have been tolled based upon impossibility; the " 'Second Period,' " December 2017 to March 2019, should have been tolled based upon impracticability. We affirm the trial court's conclusion that the statute was not tolled during either period because plaintiff failed to exercise reasonable diligence to bring the matter to trial.

### 1. *The First Period—Impossibility*

Plaintiff defines the First Period (which lasted 14 months) as running from the issuance of the remittitur in October 2016, until plaintiff learned that Dr. Castrejon Pineda had died in December 2017. Plaintiff asserts that "the loss of her expert posed an absolute obstacle to trial readiness until a suitable replacement expert could be found." Plaintiff relies upon *Sierra Nevada, supra*, 217 Cal.App.3d 464, but that case does not support plaintiff's position. In *Sierra Nevada*, the plaintiff's counsel miscalendared the five-

---

[3] Citing *Tamburina v. Combined Ins. Co. of America* (2007) 147 Cal.App.4th 323, plaintiff argues that our proper standard of review in this case is de novo. We disagree. *Tamburina* is distinguishable because it did not consider whether the plaintiff exercised reasonable diligence in bringing the matter to trial, remanding that issue after resolving certain legal claims regarding the use of stipulations to prove impracticality due to extended illness. (*Id.* at pp. 328–336.) Here, the trial court made a factual finding of no reasonable diligence, which we review for substantial evidence. Whether the facts justified dismissal under section 583.340, subdivision (c) is properly reviewed for abuse of discretion as set forth above.

year deadline to bring the case to trial but claimed the deadline should nevertheless be tolled for 77 days due to counsel's surgery and convalescence. (*Id.* at p. 467.) After the trial court denied a motion to dismiss, the Court of Appeal granted defendant's writ, directing the trial court to dismiss the action. The Court of Appeal noted that the impossibility must be due to factors not reasonably within the control of the plaintiff. Additionally, it held that there must be a causal connection between the circumstance upon which the plaintiff relies and the failure to satisfy the deadline. (*Id.* at pp. 467, 471–473.)

Here, plaintiff argues that Dr. Castrejon Pineda's death was not within her control. While that much is true, the question is whether there was a causal connection between his death and the failure to satisfy the statutory deadline. The answer is no.

In November 2016, defendant requested Dr. Castrejon Pineda's deposition, but plaintiff did not think the defense was entitled to the deposition and did not respond. Only when plaintiff's counsel "reconsidered" and decided to produce Dr. Castrejon Pineda for deposition in December 2017 was it discovered that he had died in February 2016, while the appeal was pending. There is nothing in the record as to what prompted plaintiff's change of position. It was within plaintiff's power to ascertain Dr. Castrejon Pineda's availability for trial and also to take steps to have the case set for trial. Instead, the case languished for 14 months after the remittitur was filed in October 2016. It was not Dr. Castrejon Pineda's death that caused the impossibility to bring the matter to trial. Rather it was plaintiff's failure to remain apprised of the doctor's availability to testify as an expert witness and to act with reasonable diligence to secure a trial date before the deadline. Nothing prevented plaintiff from learning of Dr. Castrejon Pineda's death,

10

launching efforts to locate a new expert, and securing a trial date during the passage of these 14 months.

Plaintiff appears to blame this delay on defendant by arguing "[d]efendant . . . made no post-remittitur effort to revive or recalendar the [summary judgment] motion for further hearing. If [d]efendant had done so, [d]efendant might arguably have been entitled to depose Dr. [Castrejon Pineda] in connection therewith." But defendant was under no obligation to move for summary judgment and may have strategically decided not to do so until a later date. Rather, it was plaintiff's obligation to marshal the case forward. (See *Gaines*, *supra*, 62 Cal.4th at p. 1104 [" 'A plaintiff has an obligation to monitor the case in the trial court, to keep track of relevant dates, and to determine whether any filing, scheduling, or calendaring errors have occurred,' " and, if a trial court does not take any action, "to seek an order from the trial court . . . rescheduling the trial date"]; see also *Greene v. Howmedica, Inc.* (1993) 13 Cal.App,4th 912, 915 ["Even if [the plaintiff] believed this case would be set for trial automatically on the issuance of the remittitur, 'there comes a time when [the] plaintiff can no longer be considered "diligent," and entitled to claim impossibility, impracticability or futility in moving the case forward, without at least taking some action to call the matter to someone's attention.' "].)[4]

Plaintiff cannot sit back and do nothing and then claim that, because she did not discover that her expert died, it was impossible to bring the case

---

[4] *Moran v. Superior Court* (1983) 35 Cal.3d 229 (*Moran*) cited by plaintiff is inapposite because, there, a specific statutory provision imposed the duty on the trial court to sua sponte recalendar the trial after timely request for trial de novo following a judicially mandated arbitration. (*Id.* at pp. 240–241.) Here, there was no statutory duty imposed on the trial court, and plaintiff failed to make any application for trial setting.

to trial. Fourteen months of inactivity is not reasonable diligence, nor does it toll the statute. To hold otherwise would swallow the rule so that for every period of inactivity the statute would be tolled, rendering the three-year deadline indeterminate and subjective.

### 2. *The Second Period—Impracticability*

Plaintiff also failed to demonstrate reasonable diligence during the Second Period from December 2017 to March 2019. After learning of Dr. Castrejon Pineda's death, plaintiff's counsel determined that the best course of action to locate a new expert would be to instruct plaintiff to find a surgeon in Mexico willing to perform her corrective surgery who would also be willing to consult on the case. Plaintiff's counsel had concluded there was a reluctance on the part of experts in the United States to testify against defendant. In addition, due to the "financial capacity" of plaintiff's counsel and plaintiff's limited resources, counsel determined this plan would be more cost effective.

Plaintiff learned of Dr. Huerta in mid-2018 but was unable to make arrangements to travel to see him until January 2019. She saw Dr. Huerta again in February 2019. By this time, defendant had refiled his motion for summary judgment in November 2018. Ultimately Dr. Huerta "balked" at finalizing and signing a "draft declaration" sent to him. In about February and March, Dr. Huerta declined to sign the declaration. In March 2019, plaintiff's counsel "launched one more try" to locate a forensic expert. Plaintiff succeeded in locating an expert and retained Dr. Ellison, an orthopedic surgeon. On April 12, 2019, plaintiff submitted Dr. Ellison's declaration in connection with the pending summary judgment motion.

Plaintiff claims the deadline for proceeding to trial should have been tolled for the Second Period from December 2017, when her attorney learned

12

of Dr. Castrejon Pineda's death, to March 2019, when counsel was turned down by Dr. Huerta. Plaintiff relies on *Brunzell Construction Co. v. Wagner* (1970) 2 Cal.3d 545 to support her claim that seeking a replacement expert in Mexico to conserve expenses should not detract from the reasonable diligence with which counsel was required to proceed to trial. *Brunzell* was a construction case which addressed whether claims against certain parties were severable and could have been timely brought to trial. The case was remanded for the trial court to consider, among other things, the expense and difficulty that would be engendered by separate trials. (*Id.* at pp. 548–550.) *Brunzell* does not support the general notion that steps to avoid or minimize expense justify a finding of impracticability. In every case involving expert testimony, parties must grapple with the challenges of locating a qualified expert, willing to testify, as well as the expense attendant to securing that expert testimony. It cannot be the rule that time consumed minimizing expense or delay in locating an expert constitutes impracticability. Such a rule would effectively result in an open-ended tolling period, defeating the purpose of limitations statutes.

The trial court concluded that plaintiff failed to exercise reasonable diligence during the Second Period, and we concur. Indeed, the fact that counsel was able to launch a search for a new expert in March 2019 and secure an expert declaration from Dr. Ellison by April 2019 demonstrates that, with reasonable diligence, plaintiff had the ability to secure a new expert. The trial court was within its discretion to conclude that the circumstances of inability to obtain an expert were not beyond plaintiff's control, a finding we will not disturb on appeal.

### 3. *Other Considerations*

Plaintiff next takes issue with the trial court's statement in the order

dismissing the action that plaintiff "did not detail any steps they took to bring the case to trial between June 2019, when defendant took [his] summary judgment motion off calendar and March 2020, when counsel proposed that the parties jointly seek a case management or trial setting conference." After plaintiff filed Dr. Ellison's declaration in April, defendant withdrew his motion in June 2019. Nothing in the record reflects any action by plaintiff from June 2019 to March 2020, when plaintiff proposed a joint ex parte application to set the case for trial.

As stated above, "[t]o avoid dismissal under the section 583.340, subdivision (c) exception, a plaintiff must prove . . . that [he or] she was reasonably diligent in prosecuting [his or] her case *at all stages in the proceedings*." (*Tanguilig v. Neiman Marcus Group, Inc.* (2018) 22 Cal.App.5th 313, 323, italics added.) Nevertheless, relying upon the Law Revision Commission comment to section 583.340, plaintiff argues that the trial court improperly considered the timeframe after the proffered tolling periods in finding her lack of diligence. Subdivision (c) was intended to codify existing caselaw regarding the " 'impossible, impractical, or futile' standard." (Cal. Law Revision Com. com., Deering's Ann. Code Civ. Proc. (2022 ed.) foll. § 583.340.) The comment further states: "Under Section 583.340 the time within which an action must be brought to trial is tolled for the period of the excuse, regardless whether a reasonable time remained at the end of the period of the excuse to bring the action to trial." (*Ibid.*) In *Gaines, supra*, 62 Cal.4th 1081, our high court interpreted the comment to mean that "a condition of impossibility, impracticability, or futility need not take the plaintiff beyond the five-year deadline to be excluded; it will be excluded even if the plaintiff has a reasonable time remaining after the period to bring the case to trial." (*Id.* at p. 1101.) The comment thus has no applicability to the

14

facts here, where the issue is whether plaintiff exercised reasonable diligence overall in bringing the matter to trial and the proposed tolling would not have extended beyond the deadline to bring the action to trial.

Substantial evidence supports the trial court's conclusion in this case that plaintiff also failed to exercise due diligence in the timeframe from June 2019, when defendant took his summary judgment motion off calendar, to March 2020, when plaintiff's counsel proposed that the parties jointly seek a case management or trial setting conference. Plaintiff's excuse for inaction during this final period is that counsel anticipated the law and motion activity relating to the summary judgment motion "would put the case back on the court's radar screen, thereby reviving [counsel's] earlier expectation that the court would meet its 'fast track' responsibility by issuing an order scheduling a conference at which a trial date could be set."

However, as we have already discussed, plaintiff cannot sit back and await action by the court. "A plaintiff has an obligation to monitor the case in the trial court, to keep track of relevant dates, and to determine whether any filing, scheduling, or calendaring errors have occurred. This obligation of diligence increases as the five-year deadline approaches." (*Jordan v. Superstar Sandcars* (2010) 182 Cal.App.4th 1416, 1422.) Plaintiff had three years from the remittitur to bring the case to trial and has not shown reasonable diligence in doing so.[5]

---

[5] *Howard v. Thrifty Drug & Discount Stores* (1995) 10 Cal.4th 424 and *Salas v. Sears, Roebuck & Co.* (1986) 42 Cal.3d 342 cited by plaintiff are not to the contrary. *Howard* involved the specific statutory tolling provision following arbitration under section 1141.20 which was at issue in *Moran*. The Supreme Court concluded that some initial, reasonable diligence on the plaintiff's part is required to benefit from section 1141.20's implied tolling provisions. (*Howard*, at p. 433.) In *Salas*, the trial court dismissed the

15

### C. *Neither Section 583.350 nor Emergency Rule 10(b) Help Plaintiff*

Section 583.350 provides "[i]f the time period within which an action must be brought to trial pursuant to this article is tolled or otherwise extended *pursuant to statute* with the result that at the end of the period of tolling or extension less than six months remain[]" then the time to bring the action to trial is extended six months after the tolling or extension. (Italics added.) Plaintiff contends that, even if the three-year statutory deadline for bringing the matter to trial was not extended by impossibility or impracticality, emergency rule 10(b) extended the three-year period by six months to April 19, 2020, and section 583.350 further extended the deadline to bring the matter to trial by an additional six months, to October 19, 2020. Thus, plaintiff concludes, it was error to dismiss the case on July 23, 2020. Rather, plaintiff reasons that, if she had again brought a motion for preference during July 2020, there would have remained 80 days to bring the case to trial.[6] We are not persuaded.

---

plaintiffs' case for failing to bring the case to trial within the five-year deadline. The plaintiffs had allowed a 10-month period to elapse without moving to set their case for trial. Then, 40 days before the deadline, the plaintiffs moved for trial preference under section 36, subdivision (d). The trial court denied the motion. (*Salas*, at pp. 344–345.) The Supreme Court affirmed, concluding the trial court had discretion to deny the motion under the preference statute. (*Id.* at p. 349.) The court noted that the plaintiffs' utter lack of diligence forfeited their right to preferential trial setting and the case was properly subject to dismissal. (*Ibid.*)

[6] Defendant notes that this argument was not addressed in the court below. We may exercise our "discretion to consider a theory presented for the first time on appeal when that theory involves only a legal question determinable from the uncontroverted facts and those facts could not have been altered by the presentation of additional evidence." (*County of Kern v. T.C.E.F., Inc.* (2016) 246 Cal.App.4th 301, 326.) We exercise our discretion to do so here.

16

Indeed, after briefing in this case was completed, the Fifth Appellate District addressed and rejected this same argument in *Ables v. A. Ghazale Brothers, Inc.* (2022) 74 Cal.App.5th 823 (*Ables*). In that case, emergency rule 10(a) of the California Rules of Court, appendix I (emergency rule 10(a)) had extended the plaintiff's time for bringing her action to trial to January 24, 2021. (*Ables*, at p. 828.) The defendants brought motions to dismiss in February 2021, arguing that Ables had failed to bring her matter to trial within the applicable mandatory timeframe. (*Id.* at p. 826.) Ables asserted that, pursuant to section 583.350, the extension referred to in emergency rule 10(a) should be extended for an additional six months. (*Ables*, at p. 827.) The trial court disagreed, dismissing the case. Specifically, it rejected Ables's argument that emergency rule 10(a) invoked section 583.350, because section 583.350 requires that a *statute* extend the period, and emergency rule 10(a) was not a statute. (*Ables*, at p. 827.) The Fifth Appellate District affirmed under the same reasoning. (*Id.* at pp. 827–828.)

We agree with the analysis and conclusion of *Ables* and find it dispositive here. In order to invoke section 583.350, the deadline at issue must have been "tolled or otherwise extended pursuant to statute." Emergency rule 10 is a rule of court, not a statute. It is located in appendix I of the California Rules of Court. Moreover, pursuant to the California Constitution, article VI, section 6, subdivision (d), the Judicial Council is only authorized to adopt *rules* "not . . . inconsistent with statute." (See also *California Court Reporters Assn. v. Judicial Council of California* (1995) 39 Cal.App.4th 15, 21 ["The Judicial Council is empowered to 'adopt *rules* for court administration, practice and procedure," italics added].) Finally, Government Code section 68115, subdivision (a)(6) provides the Judicial Council may extend the deadlines in sections 583.310 and 583.320 by order.

17

It did so in emergency rule 10(b). It did not change the statute. Thus, there was no tolling or extension by statute.

Since we have concluded that section 583.350 has no applicability here, it does not matter whether emergency rule 10(b) is construed to apply to actions which failed to meet their mandatory deadlines before the rule became effective, but which had not been formally dismissed as of the effective date. While we are skeptical that the Judicial Council intended the rule to apply under such circumstances—and indeed there is an argument that such a construction would be inconsistent with statute—we need not reach the issue because, as the trial court here recognized, any such extension would have expired months before it dismissed the case in July 2020.[7]

Pursuant to section 583.360, subdivision (b), dismissal is "mandatory and . . . not subject to extension, excuse, or exception except as expressly provided by statute." The trial court in this case found that plaintiff failed to act with reasonable diligence in bringing her matter to trial, and we have determined that substantial evidence supports this conclusion. Given plaintiff's failure to establish a statutory exception or excuse, the trial court's dismissal cannot be deemed an abuse of discretion.

## III.

## DISPOSITION

The judgment is affirmed. Each party to bear their own costs.

---

[7] If plaintiff's argument were accepted, then section 583.350 would necessarily apply to every case pending as of April 6, 2020. There is no indication the Judicial Council intended such a result.

18

WISS, J.*

WE CONCUR:


HUMES, P. J.


MARGULIES, J.


A161347N

---

* Judge of the San Francisco Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

19