Filed 1/12/22; Certified for Publication 2/3/22 (order attached)

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| MARY ABLES,<br><br>　　　Plaintiff and Appellant,<br><br>　　　　　v.<br><br>A. GHAZALE BROTHERS, INC., et al.,<br><br>　　　Defendants and Respondents. | F082670<br><br>(Super. Ct. No. BCV-15-100587)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from orders of the Superior Court of Kern County. David R. Lampe, Judge.

Law Offices of George Fogy and George Fogy for Plaintiff and Appellant.

Mark R. Weiner & Associates, Michael Park, Kathryn Albarian and Mark Herskovitz, for Defendants and Respondents A. Ghazale Brothers, Inc. and Joseph Abou-Ghazale.

Baker, Manock & Jensen, Deborah A. Coe and Diane E. Coderniz, for Defendant and Respondent Central Freight Xpress, Inc.

-ooOoo-

---

[*] Before Detjen, Acting P. J., Peña, J. and De Santos, J.

Mary Ables appeals from the trial court's orders dismissing her action against A. Ghazale Brothers Inc., Joseph Abou-Ghazale (together "Ghazale Brothers") and Central Freight Xpress, Inc. ("Central Freight") for failure to bring the action to trial within the period required by Code of Civil Procedure,[1] section 583.310.

Section 583.310 requires an action to "be brought to trial within five years after the action is commenced against the defendant." Ables filed her complaint against respondents in July of 2015.[2] In November of 2019, Ables filed an ex parte application requesting the trial be continued "for at least 6 months." The trial court granted Ables's request and continued the trial to March of 2021. In February of 2021, Ghazale Brothers and Central Freight moved to dismiss the case for failure to bring the action to trial within five years. The trial court granted the motions to dismiss the case.

The Judicial Council of California enacted emergency rules due to the COVID-19 pandemic. Emergency Rule 10(a) states: "Notwithstanding any other law, including Code of Civil Procedure section 583.310, for all civil actions filed on or before April 6, 2020, the time in which to bring the action to trial is extended by six months for a total of five years and six months." (Cal. Rules of Court, Appen. I, Emergency Rule 10(a).) The March 2021 trial date, however, fell five years and *seven* months after the action was commenced.

In the trial court, and now on appeal, Ables asserts that section 583.350 applies. Section 583.350 provides that, if the time within which an action must be brought to trial is "tolled or otherwise extended pursuant to statute," the action "shall not be dismissed … if the action is brought to trial within six months after the end of the period

---

[1] All statutory references are to the Code of Civil Procedure.

[2] The original complaint named only A. Ghazale Brothers, Inc. and Joseph Abou-Ghazale as defendants. However, the complaint was amended on August 18, 2016, to name Central Freight as Doe 1.

of tolling or extension." (§ 583.350.) We conclude section 583.350 does not apply in this case.

Also on appeal, Ables asserts that Ghazale Brothers and Central Freight waived, and are therefore estopped from requesting, dismissal of her action. The trial court found otherwise. Ables fails to establish the trial court erred.

We affirm.

## FACTS

On July 24, 2015, Ables filed a complaint in the Kern County Superior Court alleging that she was injured due to both Ghazale Brothers and Central Freight's negligence. Specifically, Ables alleged that, while delivering a load of chicken meat to Ghazale Brothers, they asked her to help unload the truck. Doubting her ability to do so, she requested Central Freight send help to unload, which it refused to do. Subsequently, she helped unload the chicken but was injured when a pallet hoisted by a machine operated by J. Ghazale broke, causing frozen boxes of chicken to fall on her.

Between 2016 and 2018, discovery progressed and was ultimately cut off by the trial court's order on July 20, 2018 in response to Central Freight's request to continue trial, which Ghazale Brothers opposed. Central Freight requested continuances twice more: first on February 4, 2019, then on June 24, 2019. Ghazale Brothers opposed both requests. On November 12, 2019, Ghazale Brothers submitted proposed jury instructions and other forms in preparation for trial.

Ables then filed a request for a trial continuance on November 14, 2019, which was heard on November 15, 2019. The court granted Ables's request and set a trial date for March 8, 2021, over five years and seven months from the date Ables filed her complaint.[3] Around this time, Ables's counsel purportedly sent a letter dated

_____

[3] The record on appeal does not indicate why the trial court chose the March 8, 2021 trial date; however, nothing before us indicates that Ables objected to that trial date.

3.

November 15, 2019 to Ghazale Brothers's counsel confirming the latter's agreement to the March 8, 2021, trial date and claiming that Central Freight's counsel had agreed to the same.

On February 1, 2021 and February 3, 2021, Ghazale Brothers and Central Freight, respectively, brought separate motions to dismiss Ables's action for failure to bring it to trial within five years after its commencement.

In opposition, Ables asserted that the March 8, 2021 trial date was not outside the five-year limit imposed by section 583.310. She argued that pursuant to section 583.350, the extension referred to in Emergency Rule 10(a) provided an additional six months in which to bring the action to trial. Ables also argued that the respondents waived their right to seek dismissal and should be estopped from doing so.

Ables's counsel also filed a declaration in opposition wherein he alleged that Ghazale Brothers and Central Freight's respective attorneys agreed to the March 8, 2021 trial date outside the statutory period while at the November 15, 2019, Mandatory Settlement Conference. However, both respondents' respective attorneys submitted declarations expressly disclaiming any such agreement, and Ghazale Brothers's counsel claimed she never received the November 15, 2019, letter.[4]

On March 3, 2021, the court heard arguments on the motions for dismissal and issued, the same day, its ruling granting the motions. Specifically, the court noted that Ables never apprised the court of the impending five-year deadline, and, had she done so, the court would have accommodated trial within that deadline. Furthermore, the court found that neither Ghazale Brothers nor Central Freight stipulated to extend the five-year deadline, and that counsel for Ghazale Brothers credibly attested that she never received the November 15, 2019, letter. The court rejected Ables's argument that Emergency

---

[4] Section 583.330 requires that any stipulation to extend time must be in writing, or by oral agreement in open court if entered in the minutes or a transcript is made.

Rule 10(a) invoked section 583.350 because section 583.350 requires that a *statute* extend the period and the former Rule is not a statute.

Ables received notice of the entry of order for dismissal on March 30, 2021, and timely appealed on April 12, 2021.

## DISCUSSION

The Judicial Council of California adopted Emergency Rule 10(a). That Rule is located in Appendix I of the Rules of Court. Because they are enacted by the Judicial Council and not by the Legislature, the Rules of Court are not statutes. (See Cal. Const., art VI, § 6, subd. (d) [Judicial Council is authorized to adopt rules of court "not … inconsistent with statute."]; *Sara M. v. Superior Court* (2005) 36 Cal.4th 998, 1012 [Judicial Council is an administrative agency promulgating administrative rules]; *California Court Reporters Assn. v. Judicial Council of California* (1995) 39 Cal.App.4th 15, 22 [Judicial Council's rulemaking authority subordinate to Legislature].)

Furthermore, Ables forfeited any argument that Emergency Rule 10(a) is a statute by failing to raise that argument below and on appeal. (*Golden Door Properties, LLC v. Superior Court* (2020) 53 Cal.App.5th 733, 786 (*Golden Door*) ["issues not addressed as error in a party's opening brief with legal analysis and citation to authority are forfeited"]; *Schultz v. Workers' Comp. Appeals Bd*. (2015) 232 Cal.App.4th 1126, 1134 ["issues not raised in the trial court are generally forfeited for purposes of appeal"].)

In this case, the trial court found that, with the six-month extension pursuant to Emergency Rule 10(a), Ables had until January 24, 2021 to bring her civil action to trial. Because Emergency Rule 10(a) is not a statute but an administrative rule, it did not extend Ables's deadline pursuant to statute and did not trigger section 583.350's extra six-month period. Ables's failure to establish a statutory "extension, excuse, or exception" is fatal to her appeal,[5] and the trial court properly dismissed her case. (See

---

[5] Ables seems to argue that Emergency Rule 10(a) tolled the five-year period under section 583.310. Not so. Emergency Rule 10(a) extended "the time *in which* to

§ 583.360, subd. (b) [dismissal for failure to bring an action to trial within specified time is "mandatory and … not subject to extension, excuse, or exception except as expressly provided by statute"].)[6]

Finally, Ables's argument that neither Ghazale Brothers nor Central Freight may move for dismissal because they either "waived their right" to do so or should be estopped from doing so is fatally flawed. Among the most fundamental principles of appellate jurisprudence is that the appellant must *demonstrate* that the trial court committed error. (See *Jameson v. Desta* (2018) 5 Cal.5th 594, 608—609; *Hernandez v. First Student, Inc.* (2019) 37 Cal.App.5th 270, 277.) Ables failed to *even argue* that the trial court committed error.

The arguments in Ables's brief are undeveloped, lack sufficient citations to authority and to the record, and fail to allege any trial court error. Consequently, we consider them forfeited. (See Cal. Rules of Court, rule 8.204(a)(1)(B); *Golden Door, supra,* 53 Cal.App.5th at p. 786 ["issues not addressed as error in a party's opening brief with legal analysis and citation to authority are forfeited"]; *WFG National Title Insurance Company v. Wells Fargo Bank, N.A.* (2020) 51 Cal.App.5th 881, 894; *Kinsella v. Kinsella* (2020) 45 Cal.App.5th 442, 464.) It was Ables's burden, not ours, to make arguments from legal authority and the record demonstrating the trial court erred.

---

bring an action" to "a total time of five years and six months." (Emphasis added.) Ables was not prevented from bringing an action to trial before the end of the five-year, six-month period, and the time was not tolled.

[6] Ables errs in concluding that "the reason for the tolling of the five-year statute is irrelevant." In *Him v. Superior Court* (1986) 184 Cal.App.3d 35, 39, which Ables relies upon exclusively, the court found that an attorney's illness made bringing an action to trial impracticable, thus tolling section 583.340's five-year period. Pursuant to section 583.340, subdivision (c), a condition resulting in the impracticability of bringing an action to trial *is a reason* for tolling the five-year period.

(*Maral v. City of Live Oak* (2013) 221 Cal.App.4th 975, 984—985.)[7]  She has not met her burden.

## DISPOSITION

The trial court's orders dismissing Ables's complaint are affirmed.  Respondents are awarded their costs on appeal.

---

[7] Ables's argument relies on two documents from the record: a letter to opposing counsel, and Ables's counsel's declaration in opposition to respondents' motions.  Ables does not dispute the trial court's dismissal of what the trial court characterized as "a self-serving letter," and fails to explain both the legal significance of, and why the trial court erred in, not considering Ables's counsel's declaration.  Ables's reliance on other statements of fact without citations to the record results in forfeiture of those issues. (*Keyes v. Bowen* (2010) 189 Cal.App.4th 647, 655.)

Filed 2/3/22

**CERTIFIED FOR PUBLICATION**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| MARY ABLES, | F082670 |
| Plaintiff and Appellant, | (Super. Ct. No. BCV-15-100587) |
| v. | **ORDER GRANTING REQUEST FOR PUBLICATION** |
| A. GHAZALE BROTHERS, INC., et al., | |
| Defendants and Respondents. | |

As the nonpublished opinion filed on January 12, 2022, in the above entitled matter hereby meets the standards for publication specified in the California Rules of Court, rule 8.1105(c), it is ordered that the opinion be certified for publication in the Official Reports.


DETJEN, ACTING P. J.

WE CONCUR:


PEÑA, J.


DE SANTOS, J.